

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00279-CV

**RONALD ANTOINE REED,**

                                                            **Appellant**

 **v.**

**GREGORY FORD,**

                                                            **Appellee**

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. C201200040

## MEMORANDUM OPINION

Ronald Antoine Reed, a prison inmate, appeals the trial court's order dismissing his lawsuit for want of prosecution. An affidavit of indigence was filed with this Court after Reed's notice of appeal. We dismiss the appeal as frivolous.

### CHAPTER 14

Effective January 1, 2012, Chapter 14 of the Civil Practice and Remedies Code, the chapter regarding inmate litigation, was amended to apply to *an action*, including *an appeal or an original proceeding*, brought by an inmate in a district, county, justice

of the peace, or small claims court, ***or an appellate court*** in which an affidavit of indigence is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2012) (emphasis added to reflect changes). This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding the same as when they file actions in the district, county, and justice courts. We referenced the future applicability of Chapter 14 requirements to actions filed in the court of appeals in *Altschul v. TDCJ - Inmate Trust Fund Div.*, 2012 Tex. App. LEXIS 2025, *3 (Tex. App.—Waco Mar. 14, 2012, pet. denied) (mem. op.) ("Section 14.002 has also been amended to make clear that such an affidavit is also required if the new action is filed in a court of appeals.").

Chapter 14 requires the inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West Supp. 2012); *Amir-Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.—Dallas 2008, no pet.). In addition, the inmate is required to file a certified copy of his "inmate trust account statement"[1] that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c) (West Supp. 2012); 14.006(f) (West

---

[1] Courts and parties have frequently referred to inmate accounts as inmate "trust" accounts. The term "trust" has been removed from their statutory references. Act of 1989, 71st Leg., ch. 212, § 2.01, eff. Sept. 1, 1989, amended by Act of 1999, 76th Leg., ch. 62, § 8.10, 19.02(8), eff. Sept. 1, 1999 (current version at TEX. GOV'T CODE ANN. § 501.014 (West 2012)). They are simply inmate accounts. While there may be a custodial relationship between the Department and the inmate as to the money in the account, an issue not decided by us today, there is certainly no trustee/beneficiary relationship wherein the Department is burdened with all the duties of a trustee with regard to the inmate's money.

2002); *Amir-Sharif*, 243 S.W.3d at 857. The filings required under chapter 14 are "an essential part of the process by which courts review inmate litigation." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ).

The failure to file the affidavit with the required information or the inmate account statement can result in dismissal without notice or hearing. *Amir-Sharif*, 243 S.W.3d at 85; *Thompson v. Rodriguez*, 99 S.W.3d 328, 329-30 (Tex. App.—Texarkana 2003, no pet.); *Jackson v. Tex. Dep't of Criminal Justice*, 28 S.W.3d 811, 814 (Tex. App.—Corpus Christi 2000, pet. denied) (reviewing several cases dismissing inmate litigation for failure to comply fully with the affidavit requirement.). Further, when an inmate fails to comply with the affidavit requirements, the trial court may assume that the current action is substantially similar to one previously filed by an inmate and thus is frivolous. *Altschul v. TDCJ - Inmate Trust Fund Div.*, 2012 Tex. App. LEXIS 2025, *3 (Tex. App.—Waco Mar. 14, 2012, pet. denied) (mem. op.); *Bell v. Tex. Dep't of Criminal Justice*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). We see no reason why this caselaw interpreting the Chapter 14 requirements as they applied to actions filed in trial courts should not also now apply to actions filed in an appellate court. *Douglas v. Turner*, No. 10-13-00031-CV, ___ S.W.3d ___, 2013 Tex. App. LEXIS 5747 (Tex. App.—Waco May 9, 2013, no pet.).

In this action, Reed did not file an affidavit of previous filings or a certified copy of his inmate "trust" account with his notice of appeal. Because the requirements of

Chapter 14 now apply to inmate proceedings in the courts of appeals, caselaw permits us to dismiss Reed's appeal without notice. *Id*.

## CONCLUSION

Because Reed did not comply with the Chapter 14 affidavit requirements, we dismiss this appeal as frivolous.[2]

                                        TOM GRAY
                                        Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal dismissed as frivolous
Opinion delivered and filed September 19, 2013
[CV06]

---

[2] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by the Texas Supreme Court, a petition for review must be filed with the Texas Supreme Court clerk within 45 days after either the date the court of appeals' judgment was rendered or the date the last ruling on all timely motions for rehearing was made by the court of appeals. TEX. R. APP. P. 53.7(a).