**Lawrence Edward THOMPSON, Appellant,**

v.

**Victor RODRIGUEZ, et al., Appellees.**

**No. 06–02–00047–CV.**

**Court of Appeals of Texas, Texarkana.**

Submitted Oct. 17, 2002.

Decided Feb. 10, 2003.

Lawrence E. Thompson, appellant pro se.

Lisa D. Duke, Assistant Attorney General, Law Enforcement Defense Division, for appellees.

Before MORRISS, C.J., ROSS and CORNELIUS,* JJ.

**OPINION**

Opinion by Justice WILLIAM J. CORNELIUS (Assigned).

Lawrence Edward Thompson appeals from the district court's dismissal of his action against Victor Rodriguez, chairman of the Texas Board of Pardons and Paroles, and other defendants. Thompson, an inmate in the Texas Department of Criminal Justice, Institutional Division, alleged that Rodriguez and the Board of Pardons and Paroles, among other things, violated his civil rights under 42 U.S.C.A. § 1983 (West Supp.2002) by arbitrarily and capriciously denying him parole, by retroactively applying amended policies

---

* William J. Cornelius, C.J., Retired, Sitting by    Assignment.

and procedures to deny him parole, by making it more difficult for him to gain parole because of his religious beliefs, and by refusing him parole in retaliation for his legal and religious activities.

The trial court dismissed Thompson's suit because he failed to comply with TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.004, 14.005 (Vernon 2002), and because his suit was not properly brought under 42 U.S.C.A. § 1983.

Thompson filed his suit as an indigent after filing a proper affidavit of inability to pay costs. Because of his status as an indigent inmate, he is subject to the provisions of Sections 14.004 and 14.005 of the Texas Civil Practice and Remedies Code.

Section 14.004 of the Civil Practice and Remedies Code provides:

(a) An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration:

(1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and

(2) describing each suit that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the suit was brought;

(C) identifying each party named in the suit; and

(D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

(b) If the affidavit or unsworn declaration filed under this section states that a previous suit was dismissed as frivolous or malicious, the affidavit or unsworn declaration must state the date of the final order affirming the dismissal.

(c) The affidavit or unsworn declaration must be accompanied by the certified copy of the trust account statement required by Section 14.006(f).

TEX. CIV. PRAC. & REM.CODE ANN. § 14.004.

Section 14.006(f) of the Texas Civil Practice and Remedies Code provides that:

The inmate shall file a certified copy of the inmate's trust account statement with the court. The statement must reflect the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed. The court may request the department or jail to furnish the information required under this subsection.

TEX. CIV. PRAC. & REM.CODE ANN. § 14.006(f) (Vernon 2002).

Section 14.005 of the Civil Practice and Remedies Code provides generally that an inmate who files a claim that is subject to the grievance system established under TEX. GOV'T CODE ANN. § 501.008 (Vernon 1998) shall file an affidavit or declaration stating the date the grievance was filed and the date a written decision was received by the inmate, and shall file a copy of the written decision from the grievance system.

■ In reviewing a trial court's decision to dismiss a case subject to Chapter 14, we apply an abuse of discretion standard of review. *Clark v. J.W. Estelle Unit*, 23 S.W.3d 420 (Tex.App.-Houston [1st Dist.] 2000, pet. denied).

■ Thompson filed an affidavit listing individually a multitude of suits he had filed in state and federal court, many of

which were still pending at the time this suit was filed. Many of these listings give at least some of the facts and details of the suits as required by Subsections (a)(2)(A), (B), (C), and (D) of Section 14.004, but as to some of them, neither the operative facts nor the final results are given. Moreover, Thompson's affidavit contains one general statement as follows:

> [S]ince 1985, I have filed numerous suits in state and federal court all over the state but because of a TDCJ–ID rule that only allows prisoners to keep records of current legal actions I'm unable to provide the court with information concerning these actions.

Thompson's affidavit is therefore insufficient in the respects noted, and it does not comply with the requirements of Section 14.004. Although Thompson states he does not have records of these numerous other suits, he obviously has some knowledge of them since he filed them, and he cannot shift the burden to the trial court to search out the necessary information concerning these suits.

Additionally, Thompson's affidavit is not accompanied by a certified copy of his trust account statement as required by Subsection (c) of Section 14.004. Thompson states at one point in his pleadings that he filed a copy of his trust account statement with the court in 1998, but there is no copy of such a statement in the record here, and there is no indication that such a statement was filed in connection with this suit. Furthermore, Section 14.006(f) expressly provides that the certified copy of the trust account statement must reflect the balance of the account at the time the claim is filed and the activity in the account during the six months preceding the date on which the claim is filed. A copy of a statement filed in 1998 would obviously not be sufficient in this regard.

Because Thompson's affidavit and declaration are insufficient to comply with the requirements of Section 14.004, the trial court was within its discretion in dismissing Thompson's suit. *Obadele v. Johnson,* 60 S.W.3d 345 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Thomas v. Knight,* 52 S.W.3d 292 (Tex.App.-Corpus Christi 2001, pet. denied); *Hall v. Treon,* 39 S.W.3d 722 (Tex.App.-Beaumont 2001, no pet.); *Williams v. Brown,* 33 S.W.3d 410 (Tex.App.-Houston [1st Dist.] 2000, no pet.); *Jackson v. Tex. Dep't of Criminal Justice–Inst. Div.,* 28 S.W.3d 811 (Tex.App.-Corpus Christi 2000, pet. denied); *Clark v. J.W. Estelle Unit,* 23 S.W.3d 420.

Because dismissal was proper on the grounds discussed heretofore, it is not necessary for us to discuss the other allegations of error raised by Thompson.

For the reasons stated, the judgment of the trial court is affirmed.