In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-336 CV


____________________



IN RE DWIGHT MCDUFFIE






Original Proceeding






MEMORANDUM OPINION


 Dwight McDuffie, an inmate in the Correctional Institutions Division of the Texas
Department of Criminal Justice, seeks mandamus relief on three issues. First, he complains
that the district clerk abused her discretion by failing to issue citation in a case in which he
filed an affidavit of inability to pay costs. Second, McDuffie complains that the trial court
abused its discretion in denying his affidavit of inability to pay costs. Third, McDuffie
contends that the judge assigned to hear McDuffie's motion to recuse, abused his discretion
in ruling on the motion without first conducting an evidentiary hearing. We deny the
petition.

 Our power to issue a writ of mandamus does not extend to the district clerk unless the
relator establishes that the writ must issue to enforce our jurisdiction. See Tex. Gov't Code
Ann. § 22.221 (Vernon 2004). The issuance of citation to appear in the trial court does not
implicate the jurisdiction of the appellate court. 

 McDuffie complains the trial court denied his affidavit of indigence without a contest
or a hearing required by Rule 145 of the Texas Rules of Civil Procedure and prior to issuance
of citation. Tex. R. Civ. P. 145. McDuffie filed an affidavit of inability to pay costs in the
trial court, but the mandamus record does not show that he filed the required trust account
statement. Tex Civ. Prac. & Rem. Code Ann. § 14.004(c) (Vernon 2002). The
requirements contained in Chapter 14 of the Civil Practice and Remedies Code apply
irrespective of Rule 145 of the Texas Rules of Civil Procedure. See id. § 14.014. Failure to
file a certified copy of the trust account statement provides grounds for dismissal prior to
issuance of citation. See id. §§ 14.003, 14.004; Thompson v. Rodriguez, 99 S.W.3d 328, 330
(Tex. App.--Texarkana 2003, no pet.). McDuffie filed a motion to recuse the trial judge
for bias against the plaintiff. See Tex. R. Civ. P. 18b(2)(b). In the motion, McDuffie
contends that "[b]efore the filing of this cause Plaintiff wrote the judge and requested that
she investigate the allegations and inform the Parole Board of their findings." In accordance
with Rule 18a of the Texas Rules of Civil Procedure, the trial judge declined to recuse herself
and forwarded the matter to the presiding judge of the administrative judicial region. See
Tex. R. Civ. P. 18a(c). The presiding judge appointed himself to hear the matter and denied
the motion to recuse without setting an evidentiary hearing. McDuffie argues that the
presiding judge abused his discretion by ruling on the motion without conducting a formal
hearing. The ruling on the motion to recuse is reviewable on appeal. See Tex. R. Civ. P.
18a(f). Review on appeal is adequate in a situation where the trial court properly forwarded
the motion to recuse to the presiding judge on a motion based upon Rule 18b(2) of the Texas
Rules of Civil Procedure. Tex. R. Civ. P. 18b(2); In re Union Pac. Res. Co., 969 S.W.2d
427, 428 (Tex. 1998). 

 The relator failed to demonstrate his entitlement to mandamus relief. Accordingly,
the petition for writ of mandamus is denied.

 PETITION DENIED.


 PER CURIAM


Opinion Delivered August 14, 2008


Before McKeithen, C.J., Kreger and Horton, JJ.