

IN THE
TENTH COURT OF APPEALS

No. 10-13-00114-CV

PATRICK LEE MULLINS,

Appellant

 v.

THE HONORABLE MARK HOLT,

Appellee

From the Justice of the Peace Court
Precinct 3, Walker County, Texas

MEMORANDUM OPINION

Patrick Lee Mullins, a prison inmate, attempts to appeal from the justice court's

refusal to file Mullins's civil lawsuit.  The appeal is dismissed as frivolous.

CHAPTER 14

Effective January 1, 2012, Chapter 14 of the Civil Practice and Remedies Code,

the chapter regarding inmate litigation, was amended to apply to *an action*, including

*an appeal or an original proceeding*, brought by an inmate in a district, county, justice

of the peace, or small claims court, *or an appellate court* in which an affidavit of

indigence is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2012) (emphasis added to reflect changes). This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding in the appellate court the same as when they file actions in the district, county, and justice courts. We referenced the future applicability of Chapter 14 requirements to actions filed in the court of appeals in *Altschul v. TDCJ - Inmate Trust Fund Div.*, 2012 Tex. App. LEXIS 2025, *3 (Tex. App.—Waco Mar. 14, 2012, pet. denied) ("Section 14.002 has also been amended to make clear that such an affidavit is also required if the new action is filed in a court of appeals.").

Chapter 14 requires the inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West Supp. 2012); *Amir-Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.—Dallas 2008, no pet.). In addition, the inmate is required to file a certified copy of his "inmate trust account statement"[1] that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is

---

[1] Courts and parties have frequently referred to inmate money accounts as inmate "trust" accounts. The term "trust" has been removed from their statutory references. Act of 1989, 71st Leg., ch. 212, § 2.01, eff. Sept. 1, 1989, amended by Act of 1999, 76th Leg., ch. 62, § 8.10, 19.02(8), eff. Sept. 1, 1999 (current version at TEX. GOV'T CODE ANN. § 501.014 (West 2012)). They are simply inmate accounts. While there may be a custodial relationship between the Department and the inmate as to the money in the account, an issue not decided by us today, there is certainly no trustee/beneficiary relationship wherein the Department is burdened with all the duties of a trustee with regard to the inmate's money.

filed." TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c) (West Supp. 2012); 14.006(f) (West 2002); *Amir-Sharif*, 243 S.W.3d at 857. The filings required under Chapter 14 are "an essential part of the process by which courts review inmate litigation." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ).

The failure to file the affidavit with the required information or the inmate account statement can result in dismissal without notice or hearing. *Amir-Sharif*, 243 S.W.3d at 85; *Thompson v. Rodriguez*, 99 S.W.3d 328, 329-30 (Tex. App.—Texarkana 2003, no pet.); *Jackson v. Tex. Dep't of Criminal Justice*, 28 S.W.3d 811, 814 (Tex. App.—Corpus Christi 2000, pet. denied) (reviewing several cases dismissing inmate litigation for failure to comply fully with the affidavit requirement.). Further, when an inmate fails to comply with the affidavit requirements, the trial court may assume that the current action is substantially similar to one previously filed by an inmate and thus is frivolous. *Altschul v. TDCJ - Inmate Trust Fund Div.*, 2012 Tex. App. LEXIS 2025, *3 (Tex. App.—Waco Mar. 14, 2012, pet. denied); *Bell v. Tex. Dep't of Criminal Justice*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). We see no reason why this caselaw interpreting the Chapter 14 requirements as they applied to actions filed in trial courts should not also now apply to actions filed in an appellate court.

In this action, Mullins did not file an affidavit of previous filings or a certified

copy of his inmate "trust" account with his notice of appeal.[2]  Because the requirements of Chapter 14 now apply to inmate proceedings in the courts of appeals, caselaw permits us to dismiss Mullins's appeal without notice.  *See Douglas v. Turner*, No. 10-13-00031-CV, 2013 Tex. App. LEXIS ____ (Tex. App.—Waco May 9, 2013, no pet. h.).

Because Mullins did not comply with the Chapter 14 affidavit requirements, we will dismiss this appeal as frivolous.

## OTHER ISSUES

There are many other issues with this appeal.

### *No Order or Judgment*

Initially, we note that there is no order, final judgment, or other appealable order from which Mullins can appeal.  *See* TEX. R. APP. P.  25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal.").  The Justice of the Peace returned Mullins's "Small Claims Suit" with a cover letter explaining that the court would not accept Mullins's lawsuit due to the suit being sent in after the expiration of 31 days from the date of Mullins's written grievance decision.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (West 2002).  This is not a judgment or an order, for several reasons:  no case was set up in the justice court; there are no pleadings; and nothing was ever proved so that the court could give any party

---

[2] Mullins did not send an affidavit of indigence with his notice of appeal but made it clear that he was proceeding as indigent.  He stated in his correspondence attached to his notice of appeal that an affidavit of indigence was attached to an earlier effort to file a notice of appeal.  Further, his current notice of appeal is entitled, "Plaintiff – Appellant's Second (2nd) Notice of Appeal with an Affidavit of Indigence in Order to Proceed In Forma Pauperis Appeal." No filing fee accompanied Mullins's notice of appeal.

appropriate relief. *See* TEX. R. CIV. P. 301 ("The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity."). Thus, there is nothing for Mullins to appeal.

## *Untimely Notice of Appeal*

If the letter is a "judgment" or order from which Mullins could appeal, the notice of appeal is untimely. Generally in a civil case, a notice of appeal must be filed within 30 days after the judgment is signed. TEX. R. APP. P. 26.1. The justice court's letter was signed on January 24, 2013. Mullins's notice of appeal would have been due on February 25, 2013.[3] However, the notice of appeal was dated March 5, 2013 by Mullins and received by our Court on March 11, 2013. Mullins contends that this is the second notice of appeal he has sent to us. He asserts that he had previously sent us a notice of appeal and affidavit of indigence in February of this year. We did not receive any of those alleged February documents.

## *No Jurisdiction if it is a Petition for Writ of Mandamus*

Alternatively, we could consider Mullins's request as a mandamus proceeding. Traditionally, the writ of mandamus issued only to compel the performance of a ministerial act or duty. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

Mullins has been declared to be a vexatious litigant but we have been unable to

---

[3] The actual due date, February 23, 2013, was a Saturday. Thus, the notice of appeal was due on the following Monday. *See* TEX. R. APP. P. 4.1(a).

determine if he is subject to a prefiling order. *See* http://www.txcourts.gov/oca/vexatiouslitigants.asp. If Mullins is subject to a prefiling order, the justice court would not have a duty to file Mullins's suit unless Mullins first obtained an order from the local administrative judge permitting the filing. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101; 11.103 (West Supp. 2012). But, if Mullins is not subject to a prefiling order, the justice court would have no discretion to refuse Mullins's petition for filing. *See In re Bernard*, 993 S.W.2d 453, 545-55 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (O'Connor, J., concurring). Further, when an inmate files a petition, but fails to file it before the 31st day after the date the inmate receives a written decision from the prison grievance system, the recourse for the trial court is to dismiss the petition, not refuse to file it. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (West 2002). However, if we were to consider this a mandamus proceeding to compel the Justice of the Peace to file Mullins's petition, we must still dismiss it because we have no jurisdiction to issue a writ of mandamus against a judge of a justice court unless it was necessary to enforce the jurisdiction of this Court. *See* TEX. GOV'T CODE ANN. § 22.221 (a), (b) (West 2004). Thus, an attempt to have this Court compel the Justice of the Peace, by mandamus, to file Mullins's petition would be subject to the same issues and suffer the same fate as does his appeal.

### *No Jurisdiction if it is an Appeal*

In the alternative, if we conclude that this proceeding is an appeal and not a

petition for writ of mandamus, we have no jurisdiction. Mullins is clearly seeking appellate review of the Justice Court's decision wherein he refused to file Mullins's petition. Mullins does not ask us to order the Justice Court to file his petition. He asks only that we determine the court erred in refusing to file his petition.

Generally, appeals from an appealable order or final judgment in the justice court are to the county court or district court, not this Court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.001 (West 2008); TEX. GOV'T CODE ANN. § 22.220 (West Supp. 2012). We do not have jurisdiction by appeal of an order of a justice of the peace.

## CONCLUSION

Even if the jurisdictional issues were resolved after notice to Mullins, it remains that Mullins did not comply with the requirements of Chapter 14 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. Ch. 14 (West 2002 & Supp. 2012). Accordingly, his appeal is dismissed as frivolous.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed May 9, 2013
[CV06]