

# NUMBER 13-12-00437-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**KENNETH HICKMAN,**
**TDCJ # 665874,**                                                    **Appellant,**

**v.**

**TEXAS DEPARTMENT OF CRIMINAL**
**JUSTICE, ET AL.,**                                                  **Appellees.**

---

**On appeal from the 343rd District Court**
**of Bee County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Perkes**
**Memorandum Opinion by Justice Garza**

By five issues, appellant Kenneth Hickman, TDCJ # 665874, pro se, challenges the trial court's dismissal of his suit against appellees, the Texas Department of Criminal Justice ("TDCJ"), Robert Eason, and Belinda Fernandez. We will dismiss the appeal as frivolous.

## I. BACKGROUND

Hickman is an inmate incarcerated in the TDCJ's McConnell Unit in Beeville, Texas. Proceeding pro se and *in forma pauperis*, Hickman filed suit on February 5, 2010 against TDCJ and TDCJ employees Fernandez, Eason, and Candice Moore. The lawsuit asserted claims under section 1983 of title 42 of the United States Code and the Texas Tort Claims Act, and requested injunctive and declaratory relief and damages. *See* 42 U.S.C. § 1983; TEX. CIV. PRAC. & REM. CODE ANN. ch. 101 (West Supp. 2011). In an amended petition filed on November 7, 2011, Hickman made the following specific allegations: (1) defendants denied him access to courts by refusing to give him access to legal materials; (2) TDCJ denied him access to courts by "illegal[ly] garnish[ing]" his trust account; (3) Moore "fail[ed] to stop inmates from stealing legal supplies intended for [Hickman]"; and (4) Moore "misappli[ed] the Texas Open Records [Act] to deny [Hickman] proof of her illegal acts."

After a hearing, the trial court dismissed the claims made against TDCJ, Eason and Fernandez, under chapter 14 of the Texas Civil Practice and Remedies Code.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (West Supp. 2011) (regarding inmate litigation). The trial court concluded, among other things, that: (1) Hickman failed to file a complete declaration of previous lawsuits filed as required by statute, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a); (2) Hickman failed to exhaust his administrative remedies with respect to the claims made against TDCJ and Fernandez; and (3) the claims against TDCJ, Eason, and Fernandez are frivolous because they lack basis in law and fact.

---

[1] The claims against Moore were retained; however, the trial court ordered Hickman to amend his petition to clarify those claims.

Hickman attempted to perfect an appeal of the order dismissing his claims against TDCJ, Eason, and Fernandez. On November 22, 2011, this Court notified Hickman that the order being appealed was not a final, appealable order. Hickman contended that the interlocutory order was reviewable because the order constituted a ruling on a plea to the jurisdiction. *See id.* § 51.014(a)(5) (West Supp. 2011) (permitting appeal of interlocutory order granting or denying a plea to the jurisdiction filed by a governmental unit). We disagreed and dismissed Hickman's appeal. *Hickman v. Tex. Dep't of Criminal Justice*, No. 13-11-00729-CV, 2012 Tex. App. LEXIS 1454 (Tex. App.—Corpus Christi Feb. 23, 2012, no pet.) (mem. op.). We noted that, according to the record, the appealed order was a dismissal under chapter 14, not a ruling on a plea to the jurisdiction. *Id.* at *2 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.010(c) (stating that an order dismissing a claim under chapter 14 "is not subject to interlocutory appeal by the inmate")).

Subsequently, the trial court rendered an order severing the claims against TDCJ, Eason and Fernandez into a separate cause number. The order denying the claims against those defendants thereby became a final, appealable judgment, which Hickman appealed.[2]

## II. DISCUSSION

Effective January 1, 2012, chapter 14 of the civil practice and remedies code was amended to apply to *an action*, including *an appeal or an original proceeding*, brought

---

[2] In his appellate brief, Hickman names TDCJ, Moore, and Fernandez as appellees. However, Hickman's claims against Moore are still pending in the trial court and were not disposed of by the order being appealed. Accordingly, Moore is not a party to this appeal.

Hickman further states that "defendant Robert Eason was never an [i]ntended defendant in this cause and was served and joined as a party by the counsel of the defendants." We construe this statement as a declaration by Hickman that he does not challenge, by this appeal, the dismissal of any claims made against Eason. Accordingly, we do not address any claims made against Eason.

3

by an inmate in a district, county, justice of the peace, or small claims court, *or an appellate court* in which an affidavit or unsworn declaration of inability to pay costs is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (emphasis added to reflect changes). "This means that the requirements of chapter 14 apply when inmates file an appeal or an original proceeding in the appellate court the same as when they file actions in the district, county, and justice courts." *Douglas v. Turner*, No. 10-13-00031-CV, 2013 Tex. App. LEXIS 5747, at *1–2 (Tex. App.—Waco May 9, 2013, no pet. h.); *see Lackey v. Green*, No. 12-11-00209-CV, 2012 Tex. App. LEXIS 6496, at *4 n.4 (Tex. App.—Tyler Aug. 8, 2012, pet. denied) (mem. op.); *Bonner v. Austin*, No. 01-09-01059-CV, 2012 Tex. App. LEXIS 6028, at *2 n.1 (Tex. App.—Houston [1st Dist.] July 24, 2012, order); *Hills v. Bell County Law Enforcement Ctr.*, Nos. 03-11-00482-CV & 03-11-00487-CV, 2012 Tex. App. LEXIS 2128, at *3 n.4 (Tex. App.—Austin Mar. 15, 2012, pet. denied) (mem. op.).

Chapter 14 requires an inmate litigant to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a); *Douglas*, 2013 Tex. App. LEXIS 5747, at *2; *Amir-Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.—Dallas 2008, no pet.). In addition, the inmate is required to file a certified copy of his "inmate trust account statement" that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c), 14.006(f); *Douglas*, 2013 Tex. App. LEXIS 5747, at *3; *Amir-Sharif*, 243 S.W.3d at 857. The filings required under chapter 14 are "an essential part of the

4

process by which courts review inmate litigation." *Douglas*, 2013 Tex. App. LEXIS 5747, at *3 (citing *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ)).

The failure to file the affidavit with the required information or the inmate account statement can result in dismissal without notice or hearing. *Id.*; *Amir-Sharif*, 243 S.W.3d at 855; *Thompson v. Rodriguez*, 99 S.W.3d 328, 329–30 (Tex. App.—Texarkana 2003, no pet.); *Jackson v. Tex. Dep't of Criminal Justice*, 28 S.W.3d 811, 814 (Tex. App.—Corpus Christi 2000, pet. denied) (reviewing several cases dismissing inmate litigation for failure to comply fully with the affidavit requirement). Further, when an inmate fails to comply with the affidavit requirements, the trial court may assume that the current action is substantially similar to one previously filed by an inmate and thus is frivolous. *Douglas*, 2013 Tex. App. LEXIS 5747, at *3; *Bell v. Tex. Dep't of Criminal Justice*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). The case law interpreting the chapter 14 requirements as they apply to actions filed in trial courts also applies to actions filed in an appellate court on or after January 1, 2012. *Douglas*, 2013 Tex. App. LEXIS 5747, at *3.

Here, Hickman did not file an affidavit of previous filings or a certified copy of his inmate "trust" account with his notice of appeal. Because the requirements of chapter 14 now apply to inmate proceedings in the courts of appeals, we dismiss the appeal without notice. *See id.* (dismissing inmate's appeal without notice for failure to file affidavits required by chapter 14 with notice of appeal); *see also Johnson v. Sanford*, No. 10-13-00177-CV, 2013 Tex. App. LEXIS 7303, at *1 (Tex. App.—Waco June 13, 2013, no pet. h.) (mem. op.) (same); *Mullins v. Holt*, No. 10-13-00114-CV, 2013 Tex.

5

App. LEXIS 6128, at *4 (Tex. App.—Waco May 9, 2013, no pet. h.) (mem. op.) (same).

### III. CONCLUSION

Because Hickman did not comply with the chapter 14 affidavit requirements, his appeal is dismissed as frivolous. *See Douglas*, 2013 Tex. App. LEXIS 5747, at *3; *Bell*, 962 S.W.2d at 158. Any and all pending motions are denied as moot.

_____
DORI CONTRERAS GARZA,
Justice

Delivered and filed the
18th day of July, 2013.