# NO. 12-13-00283-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARLES CHRISTOPHER LANCASTER,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *NATRENIA L. HICKS, ET AL,* *APPELLEES* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Charles Christopher Lancaster, an inmate, appeals the trial court's order dismissing his lawsuit. Lancaster filed an affidavit of indigence along with his notice of appeal. We dismiss the appeal as frivolous.

### INMATE LITIGATION–CHAPTER 14

Effective January 1, 2012, Chapter 14 of the Texas Civil Practice and Remedies Code was amended to apply to an action, including an appeal or an original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court or an appellate court in which an affidavit of indigence is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2012). This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding in an appellate court just as when they file an action in a trial court. *See id*.

Chapter 14 requires an inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Texas Family Code. *Id*. § 14.004(a) (West Supp. 2012). The affidavit or declaration must be accompanied by a certified copy of his "inmate trust account statement" that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six

months preceding the date on which the claim is filed." *Id*. § 14.004(c) (West Supp. 2012). The filings required under Chapter 14 are "an essential part of the process by which courts review inmate litigation." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.–Waco 1996, no writ).

If the inmate fails to file the affidavit or declaration with the required information about previous filings and the inmate trust account statement, the trial court can dismiss the action without notice or hearing. *See, e.g.*, *Amir-Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.–Dallas 2008, no pet.); *Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.–2003, no pet.). Further, when an inmate fails to comply with requirements for the affidavit or declaration of previous filings, the trial court may assume that the current action is substantially similar to one previously filed by the inmate and thus is frivolous. *Bell v. Tex. Dep't of Criminal Justice–Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). We see no reason why this caselaw interpreting the Chapter 14 requirements as they apply to actions filed in trial courts should not also now apply to actions filed in appellate courts. *See Douglas v. Turner*, No. 10-13-00031-CV, 2013 WL 2245653, at *1 (Tex. App.–Waco May 9, 2013, no pet.) (op., not yet released for publication).

In this appeal, Lancaster did not file an affidavit of previous filings accompanied by a certified copy of his inmate trust account. Because the requirements of Chapter 14 now apply to inmate proceedings in the courts of appeals, caselaw permits us to dismiss Lancaster's appeal without notice.

## CONCLUSION

Lancaster did not comply with the Chapter 14 requirements for an affidavit of previous filings and an inmate trust account statement. Therefore, we *dismiss* this appeal as frivolous. *See Bell*, 62 S.W.2d at 158.

**SAM GRIFFITH**
Justice

Opinion delivered November 13, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### NOVEMBER 13, 2013

### NO. 12-13-00283-CV

**CHARLES CHRISTOPHER LANCASTER,**
Appellant
V.
**NATRENIA L. HICKS, ET AL,**
Appellees

Appeal from the 3rd District Court

of Houston County, Texas (Tr.Ct.No. 13-0163)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*