# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ARTURO SOLIS,* *APPELLANT* | § | *APPEAL FROM THE 52ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *T.D.C.J., ET AL,* *APPELLEES* | § | *CORYELL COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant Arturo Solis attempts to appeal the trial court's orders declaring him a vexatious litigant subject to a prefiling order and dismissing his suit with prejudice. Along with his notice of appeal, Solis filed an affidavit of indigence. We dismiss the appeal.

### INMATE LITIGATION–CHAPTER 14

Effective January 1, 2012, Chapter 14 of the Texas Civil Practice and Remedies Code was amended to apply to an action, including an appeal or an original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court, or an appellate court in which an affidavit of indigence is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2012).[1] This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding in an appellate court just as when they file an action in a trial court. *See id*.

Chapter 14 requires an inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Texas Family Code. *Id*. § 14.004(a) (West Supp. 2012). The affidavit or declaration must be accompanied by a certified copy of his "inmate trust account statement" that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months

---

[1] This change applies "to [actions] brought on or after the effective date [January 1, 2012] of the Act." TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 statutory note (West Supp. 2012) [Act of July 19, 2011, 82nd Leg., 1st C.S., ch. 3, § 12.04].

preceding the date on which the claim is filed." *Id*. § 14.004(c) (West Supp. 2012). The filings required under Chapter 14 are "an essential part of the process by which courts review inmate litigation." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.–Waco 1996, no writ).

If the inmate fails to file the affidavit or declaration with the required information about previous filings or the inmate trust account statement, the trial court can dismiss the action without notice or hearing. *See, e.g.*, *Amir-Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.–Dallas 2008, no pet.); *Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.). Also, the trial court may assume that the current action is substantially similar to one previously filed by the inmate and thus is frivolous. *Bell v. Tex. Dep't of Criminal Justice–Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied).

We have recently held that this caselaw interpreting the Chapter 14 requirements as they apply to actions filed in trial courts now applies to actions filed in appellate courts. *See Caldwell v. 87th Dist. Court*, No. 12-13-00323-CV, 2013 WL 6040350, at *1 (Tex. App.–Tyler Nov. 13, 2013, no pet. h.) (mem. op.); *Lancaster v. Hicks*, No. 12-13-00283-CV, 2013 WL 6040349, at *1 (Tex. App.–Nov. 13, 2013, no pet. h.) (mem. op.); *see also, e.g., Douglas v. Turner*, No. 10-13-00031-CV, 2013 WL 2245653, at *1 (Tex. App.–Waco May 9, 2013, no pet.) (op., not yet released for publication) (same).

## CONCLUSION

In this appeal, Solis did not file an affidavit or declaration of previous filings. Therefore, we are entitled to assume that the current action is substantially similar to one Solis has previously filed and thus is frivolous. *See Bell*, 962 S.W.2d at 158. Accordingly, we ***dismiss*** the appeal as frivolous, without notice. *See Amir-Sharif*, 243 S.W.3d at 857; *Thompson*, 99 S.W.3d at 330; *Bell*, 962 S.W.2d at 158. All pending motions are overruled as moot.

JAMES T. WORTHEN
Chief Justice

Opinion delivered November 21, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 21, 2013**

**NO. 12-13-00289-CV**

**ARTURO SOLIS,**
Appellant
V.
**T.D.C.J., ET AL,**
Appellees

Appeal from the 52nd District Court

of Coryell County, Texas (Tr.Ct.No. C10-11-40751)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J. and Hoyle, J.*