

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00481-CV

**ROBERT TROY MCCLURE,**

        **Appellant**

**v.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
AKA TDCJ, PKA TEXAS DEPARTMENT OF
CORRECTIONS, MICHAEL UPSHAW, VERNON
PITMAN, KEVIN MAYFIELD, AND ROBERT
H. QUADA**

        **Appellees**

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 26040

## MEMORANDUM OPINION

Robert Troy McClure, a prison inmate, appeals the trial court's order dismissing

his lawsuit[1] as frivolous, finding him to be a vexatious litigant, and subjecting him to a

---

[1] McClure identified the defendants he intended to sue in either the style or the body of his original petition as the Texas Department of Corrections, Michael Upshaw, Vernon Pitman, Kevin Mayfield, and Robert H. Quada. Quada was the only defendant to file an answer, move to dismiss the lawsuit, move to declare McClure a vexatious litigant, and file a brief in response to McClure's appeal. The judgment in this appeal, however, will be rendered as to each defendant identified by McClure.

prefiling order. An affidavit of indigence was filed with this Court after McClure's notice of appeal was filed. We dismiss the appeal as frivolous.

**CHAPTER 14**

Effective January 1, 2012, Chapter 14 of the Civil Practice and Remedies Code, the chapter regarding inmate litigation, was amended to apply to *an action*, including *an appeal or an original proceeding*, brought by an inmate in a district, county, justice of the peace, or small claims court, *or an appellate court* in which an affidavit of indigence is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2013) (emphasis added to reflect changes). This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding the same as when they file actions in the district, county, and justice courts. We referenced the future applicability of Chapter 14 requirements to actions filed in the court of appeals in *Altschul v. TDCJ - Inmate Trust Fund Div.*, 2012 Tex. App. LEXIS 2025, *3 (Tex. App.—Waco Mar. 14, 2012, pet. denied) (mem. op.) ("Section 14.002 has also been amended to make clear that such an affidavit is also required if the new action is filed in a court of appeals.").

Chapter 14 requires the inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West Supp. 2013); *Amir-Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.—Dallas 2008, no pet.). In addition, the inmate is required to file a certified copy of his "inmate trust account

statement"[2] that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004(c) (West Supp. 2013); 14.006(f) (West 2002); *Amir-Sharif*, 243 S.W.3d at 857. The filings required under Chapter 14 are "an essential part of the process by which courts review inmate litigation." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ).

The failure to file the affidavit with the required information or the inmate account statement can result in dismissal without notice or hearing. *Amir-Sharif*, 243 S.W.3d at 85; *Thompson v. Rodriguez*, 99 S.W.3d 328, 329-30 (Tex. App.—Texarkana 2003, no pet.); *Jackson v. Tex. Dep't of Criminal Justice*, 28 S.W.3d 811, 814 (Tex. App.—Corpus Christi 2000, pet. denied) (reviewing several cases dismissing inmate litigation for failure to comply fully with the affidavit requirement.). Further, when an inmate fails to comply with the affidavit requirements, the trial court may assume that the current action is substantially similar to one previously filed by an inmate and thus is frivolous. *Altschul v. TDCJ - Inmate Trust Fund Div.*, 2012 Tex. App. LEXIS 2025, *3 (Tex. App.— Waco Mar. 14, 2012, pet. denied) (mem. op.); *Bell v. Tex. Dep't of Criminal Justice*, 962

---

[2] Courts and parties have frequently referred to inmate accounts as inmate "trust" accounts. The term "trust" has been removed from the statute that creates this type account. Act of 1989, 71st Leg., ch. 212, § 2.01, eff. Sept. 1, 1989, amended by Act of 1999, 76th Leg., ch. 62, § 8.10, 19.02(8), eff. Sept. 1, 1999 (current version at TEX. GOV'T CODE ANN. § 501.014 (West 2012)). They are simply inmate accounts. While there may be a custodial relationship between the Department and the inmate as to the money in the account, an issue not decided by us today, there is certainly no trustee/beneficiary relationship wherein the Department is burdened with all the duties of a trustee with regard to the inmate's money.

S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). We see no reason why this caselaw interpreting the Chapter 14 requirements as they applied to actions filed in trial courts should not also now apply to actions filed in an appellate court. *Douglas v. Turner*, No. 10-13-00031-CV, ___ S.W.3d ___, 2013 Tex. App. LEXIS 5747 (Tex. App.—Waco May 9, 2013, no pet.).

In this action, McClure did not file an affidavit of previous filings with his notice of appeal. Because the requirements of Chapter 14 now apply to inmate proceedings in the courts of appeals, caselaw permits us to dismiss McClure's appeal without notice. *Id*.

**CONCLUSION**

Because McClure did not comply with the Chapter 14 affidavit requirements, we dismiss this appeal as frivolous.[3]

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208; § 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the

---

[3] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by the Texas Supreme Court, a petition for review must be filed with the Texas Supreme Court clerk within 45 days after either the date the court of appeals' judgment was rendered or the date the last ruling on all timely motions for rehearing was made by the court of appeals. TEX. R. APP. P. 53.7(a).

Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal dismissed as frivolous
Opinion delivered and filed February 27, 2014
[CV06]