# NO. 12-14-00322-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM WALLACE FREY,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *RAYMOND HENDRIX, ET AL,* *APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Appellant, William Wallace Frey filed this pro se *in forma pauperis* appeal from the trial court's order dismissing his lawsuit against Appellees, "Raymond Hendrix, et al." Texas Civil Practice and Remedies Code Chapter 14 applies to this proceeding. We dismiss the appeal as frivolous.

### INMATE LITIGATION CHAPTER 14

Effective January 1, 2012, Chapter 14 of the Texas Civil Practice and Remedies Code was amended to apply to an action, including an appeal or an original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court, or an appellate court in which an affidavit of indigence is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2014). This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding in an appellate court just as when they file an action in a trial court. *See id.*

Chapter 14 requires an inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Texas Family Code. *Id.* § 14.004(a) (West Supp. 2014). The affidavit or declaration must be accompanied by a certified copy of his "inmate trust account statement" that "reflect[s] the

balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." *Id.* § 14.004(c) (West Supp. 2014). The filings required under Chapter 14 are "an essential part of the process by which courts review inmate litigation." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.–Waco 1996, no writ).

If the inmate fails to file the affidavit or declaration with the required information about previous filings or the inmate trust account statement, the trial court can dismiss the action without notice or hearing. *See, e.g.*, *Amir–Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.–Dallas 2008, no pet.); *Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.). Further, when an inmate fails to comply with the requirement for the affidavit or declaration of previous filings, the trial court may assume that the current action is substantially similar to one previously filed by the inmate and thus is frivolous. *Bell v. Tex. Dep't of Criminal Justice–Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). We see no reason why this caselaw interpreting the Chapter 14 requirements as they apply to actions filed in trial courts should not also now apply to actions filed in appellate courts. *See Douglas v. Turner*, No. 10-13-00031-CV, 2013 WL 2245653, at *1 (Tex. App.–Waco May 9, 2013, no pet.) (op., not yet released for publication).

In this appeal, Frey filed a copy of his inmate trust account statement but did not file an affidavit or declaration of previous filings. Because the requirements of Chapter 14 now apply to inmate proceedings in the courts of appeals, and Frey did not file the required affidavit, caselaw permits us to dismiss his appeal without notice.

<u>DISPOSITION</u>

Because Frey failed to comply with Texas Civil Practice and Remedies Code Section 14.004(a), we ***dismiss*** this appeal as frivolous, without notice. *See Bell*, 62 S.W.2d at 158.

Opinion delivered November 5, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### NOVEMBER 5, 2014

### NO. 12-14-00322-CV

### WILLIAM WALLACE FREY,
Appellant
V.
### RAYMOND HENDRIX, ET AL,
Appellees

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349-7327)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed as frivolous**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*