# NO. 12-14-00338-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUSTIN JOHNSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *TEXAS DEPARTMENT OF CRIMINAL*<br>*JUSTICE CORRECTIONAL*<br>*INSTITUTIONAL DIVISION,* | | |
| *APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Justin Johnson, an inmate, appeals the trial court's order dismissing his lawsuit against the Texas Department of Criminal Justice–Correctional Institutional Division. Texas Civil Practice and Remedies Code Chapter 14 applies to this appeal. We dismiss the appeal as frivolous.

### INMATE LITIGATION–CHAPTER 14

Effective January 1, 2012, Chapter 14 of the Texas Civil Practice and Remedies Code was amended to apply to an action, including an appeal or an original proceeding, brought by an inmate in a district, county, justice of the peace, or small claims court or an appellate court in which an affidavit of indigence is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2014). This means that the requirements of Chapter 14 apply when inmates file an action in a trial court just as when they file an appeal or an original proceeding in an appellate court. *See id*.

Chapter 14 requires the inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under

the Texas Family Code. ***Id***. § 14.004(a) (West Supp. 2014). The affidavit or declaration must be accompanied by a certified copy of his "inmate trust account statement" that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." ***Id***. §§ 14.004(c) (West Supp. 2014); 14.006(f) (West 2002). The filings required under Chapter 14 are "an essential part of the process by which courts review inmate litigation." ***Hickson v. Moya***, 926 S.W.2d 397, 399 (Tex. App.–Waco 1996, no writ).

The failure to file the affidavit or declaration with the required information about previous filings or the inmate trust account statement can result in dismissal without notice or hearing. *See, e.g.*, ***Amir-Sharif v. Mason***, 243 S.W.3d 854, 857 (Tex. App.–Dallas 2008, no pet.); ***Thompson v. Rodriguez***, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.). Further, when an inmate fails to comply with requirements for the affidavit or declaration of previous filings, the trial court may assume that the current action is substantially similar to one previously filed by an inmate and thus is frivolous. ***Bell v. Tex. Dep't of Criminal Justice–Institutional Div.***, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). We see no reason why this caselaw interpreting the Chapter 14 requirements as they apply to actions filed in trial courts should not also now apply to actions filed in appellate courts. *See* ***Douglas v. Turner***, 441 S.W.3d 337, 338 (Tex. App.–Waco 2013, no pet.).

In this action, Johnson filed a copy of his inmate trust account statement but did not file an affidavit or declaration of previous filings. Because the requirements of Chapter 14 now apply to inmate proceedings in the courts of appeals, caselaw permits us to dismiss Johnson's appeal without notice.

<u>CONCLUSION</u>

Johnson did not comply with the Chapter 14 requirement for an affidavit or declaration of previous filings. Therefore, we ***dismiss*** this appeal as frivolous. *See* ***Bell***, 962 S.W.2d at 158.

Opinion delivered November 19, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 19, 2014**

**NO. 12-14-00338-CV**

**JUSTIN JOHNSON,**
Appellant
V.
**TEXAS DEPARTMENT OF CRIMINAL JUSTICE CORRECTIONAL
INSTITUTIONAL DIVISION,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 14-0088)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed as frivolous**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*