# NO. 12-15-00259-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DELANDA LETREGG PLAYER, APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Delanda Letregg Player appeals the trial court's order authorizing the withdrawal of funds from his inmate trust account. Texas Civil Practice and Remedies Code Chapter 14 applies to this appeal. We dismiss the appeal as frivolous.

### INMATE LITIGATION–CHAPTER 14

Effective January 1, 2012, Chapter 14 of the Texas Civil Practice and Remedies Code was amended to apply to an action, including an appeal or an original proceeding, brought by an inmate in a trial court or in an appellate court, in which an affidavit of indigence is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2014). This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding in an appellate court just as when they file an action in a trial court. *See id.*

Chapter 14 requires an inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Texas Family Code. *Id.* § 14.004(a) (West Supp. 2015). The affidavit or declaration must be accompanied by a certified copy of his "inmate trust account statement" that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." *Id.* § 14.004(c) (West Supp. 2015). The filings required under Chapter

14 are "an essential part of the process by which courts review inmate litigation." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.–Waco 1996, no writ).

The failure to file the affidavit or declaration with the required information about previous filings or the inmate trust account statement can result in dismissal without notice or hearing. *See, e.g.*, *Amir–Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.–Dallas 2008, no pet.); *Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.). Further, when an inmate fails to comply with the requirement for the affidavit or declaration of previous filings, the trial court may assume that the current action is substantially similar to one previously filed by the inmate and thus is frivolous. *Bell v. Tex. Dep't of Criminal Justice– Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). We conclude that this caselaw interpreting the Chapter 14 requirements as they apply to actions filed in trial courts now applies to actions filed in appellate courts. *See Douglas v. Turner*, 441 S.W.3d 337, 338 (Tex. App.–Waco 2013, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002.

In this appeal, Player did not file an affidavit or declaration of previous filings accompanied by an inmate trust account statement showing the balance for the six months preceding the date his notice of appeal was filed. Because the requirements of Chapter 14 now apply to inmate proceedings in the courts of appeals, caselaw permits us to dismiss Player's appeal without notice.

## DISPOSITION

Because Player did not file an affidavit or declaration of previous filings, we ***dismiss*** this appeal as *frivolous*. *See Bell*, 62 S.W.2d at 158.

Opinion delivered December 3, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 3, 2015**

**NO. 12-15-00259-CV**

**DELANDA LETREGG PLAYER,**
Appellant
v.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court of Smith
County, Texas (Tr.Ct.No. 114-0765-14)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed as frivolous**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

3