# NO. 12-15-00306-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *JUAN ENRIQUEZ,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Juan Enriquez seeks a writ of mandamus directing the trial court to set an evidentiary hearing on two motions to allow Enriquez to establish the date he received notice or acquired actual knowledge of the trial court's dismissal order. Texas Civil Practice and Remedies Code Chapter 14 applies to this proceeding. We dismiss the proceeding as frivolous.

## INMATE LITIGATION–CHAPTER 14

Effective January 1, 2012, Chapter 14 of the Texas Civil Practice and Remedies Code was amended to apply to an action, including an appeal or an original proceeding, brought by an inmate in a trial court or in an appellate court, in which an affidavit of indigence is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2015). This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding such as this one in an appellate court just as when they file an action in a trial court. *See id.*

Chapter 14 requires an inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Texas Family Code. *Id.* § 14.004(a) (West Supp. 2015). The affidavit or declaration must be accompanied by a certified copy of his "inmate trust account statement" that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." *Id.* § 14.004(c) (West Supp. 2015). The

filings required under Chapter 14 are "an essential part of the process by which courts review inmate litigation." **Hickson v. Moya**, 926 S.W.2d 397, 399 (Tex. App.–Waco 1996, no writ).

The failure to file the affidavit or declaration with the required information about previous filings or the inmate trust account statement can result in dismissal without notice or hearing. *See, e.g.*, **Amir–Sharif v. Mason**, 243 S.W.3d 854, 857 (Tex. App.–Dallas 2008, no pet.); **Thompson v. Rodriguez**, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.). Further, when an inmate fails to comply with the requirement for the affidavit or declaration of previous filings, the trial court may assume that the current action is substantially similar to one previously filed by the inmate and thus is frivolous. **Bell v. Tex. Dep't of Criminal Justice– Institutional Div.**, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). We conclude that this caselaw interpreting the Chapter 14 requirements as they apply to actions filed in trial courts now applies to actions filed in appellate courts. *See* **Douglas v. Turner**, 441 S.W.3d 337, 338 (Tex. App.–Waco 2013, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002.

In this original proceeding, Enriquez did not file an affidavit or declaration of previous filings accompanied by an inmate trust account statement showing the balance for the six months preceding the date the proceeding was filed. Because the requirements of Chapter 14 now apply to inmate proceedings in the courts of appeals, caselaw permits us to dismiss Enriquez's original proceeding without notice.

## DISPOSITION

Because Enriquez did not file an affidavit or declaration of previous filings, we **dismiss** this original proceeding as **frivolous**. *See* **Bell**, 62 S.W.2d at 158.

Opinion delivered December 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 30, 2015**

**NO. 12-15-00306-CV**

**JUAN ENRIQUEZ,**
Relator
V.
**HON. BASCOM W. BENTLEY, III,**
Respondent

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. 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)

ON THIS DAY came to be heard the petition for writ of mandamus filed by **JUAN ENRIQUEZ,** who is the relator in Cause No. 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 pending on the docket of the 369th Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on December 16, 2015, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DISMISSED AS FRIVOLOUS**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*