

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00118-CV

**BARRY EMMETT,**

**Appellant**

**v.**

**UTMB,**

**Appellee**

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 1426900**

## MEMORANDUM  OPINION

Barry Emmett, a prison inmate, appeals the trial court's order finding him to be a vexatious litigant, subjecting him to a prefiling order, and ordering him to furnish security to proceed with his case.

Effective January 1, 2012, Chapter 14 of the Civil Practice and Remedies Code, the chapter regarding inmate litigation, was amended to apply to *an action*, including *an appeal or an original proceeding*, brought by an inmate in a district, county, justice of the peace, or small claims court, *or an appellate court* in which an affidavit of

indigence is also filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2013) (emphasis added to reflect changes). This means that the requirements of Chapter 14 apply when inmates file an appeal or an original proceeding the same as when they file actions in the district, county, and justice courts.

Chapter 14 requires the inmate to file an affidavit or declaration "relating to previous filings" in which the inmate must detail all previous actions filed pro se, other than a suit under the Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West Supp. 2013); *Amir-Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.—Dallas 2008, no pet.). In addition, the inmate is required to file a certified copy of his "inmate trust account statement"[1] that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." TEX. CIV. PRAC. & REM. CODE ANN.§§ 14.004(c) (West Supp. 2013); 14.006(f) (West 2002); *Amir-Sharif*, 243 S.W.3d at 857. The filings required under Chapter 14 are "an essential part of the process by which courts review inmate litigation." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ).

The failure to file the affidavit with the required information or the inmate account statement can result in dismissal without notice or hearing. *Amir-Sharif*, 243 S.W.3d at 85; *Thompson v. Rodriguez*, 99 S.W.3d 328, 329-30 (Tex. App.—Texarkana 2003, no pet.);

[1] Courts and parties have frequently referred to inmate accounts as inmate "trust" accounts. The term "trust" has been removed from the statute that creates this type account. Act of 1989, 71st Leg., ch. 212, § 2.01, eff. Sept. 1, 1989, amended by Act of 1999, 76th Leg., ch. 62, § 8.10, 19.02(8), eff. Sept. 1, 1999 (current version at TEX. GOV'T CODE ANN. § 501.014 (West 2012)). They are simply inmate accounts. While there may be a custodial relationship between the Department and the inmate as to the money in the account, an issue not decided by us today, there is certainly no trustee/beneficiary relationship wherein the Department is burdened with all the duties of a trustee with regard to the inmate's money.

*Jackson v. Tex. Dep't of Criminal Justice*, 28 S.W.3d 811, 814 (Tex. App.—Corpus Christi 2000, pet. denied) (reviewing several cases dismissing inmate litigation for failure to comply fully with the affidavit requirement.). Further, when an inmate fails to comply with the affidavit requirements, the trial court may assume that the current action is substantially similar to one previously filed by an inmate and thus is frivolous. *Altschul v. TDCJ - Inmate Trust Fund Div.*, 2012 Tex. App. LEXIS 2025, *3 (Tex. App.—Waco Mar. 14, 2012, pet. denied) (mem. op.); *Bell v. Tex. Dep't of Criminal Justice*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). We see no reason why this caselaw interpreting the Chapter 14 requirements as they applied to actions filed in trial courts should not also now apply to actions filed in an appellate court. *Douglas v. Turner*, 441 S.W.3d 337, 339 (Tex.App. – Waco 2013, no pet.).

In this action, Emmett did not file an affidavit of previous filings with his notice of appeal. Emmett also did not file an inmate account statement. Because the requirements of Chapter 14 now apply to inmate proceedings in the courts of appeals, caselaw permits us to dismiss Emmett's appeal without notice. *Id*.

Because Emmett did not comply with the Chapter 14 requirements, we dismiss this appeal as frivolous.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). S*ee also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208; § 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the

Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P.2. The write-off of the

fees from the accounts receivable of the Court in no way eliminates or reduces the fees

owed.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed October 1, 2015
[CV06]

