Lakeith **AMIR–SHARIF**, Appellant

v.

Officer **MASON**, et al, Appellees.

No. 05–06–01089–CV.

Court of Appeals of Texas, Dallas.

Jan. 22, 2008.

Lakeith Amir–Sharif, Dallas, pro se.

Mary Anne Haren-Gallagher, Asst. Dist. Atty., Dallas, for Appellee.

Before Justices O'NEILL, RICHTER, and LANG.

## OPINION

Opinion by Justice LANG.

Lakeith Amir–Sharif appeals from an order dismissing his *pro se* suit which he refers to as the "Replevin Complaint." The trial court's order of dismissal states as its basis section 14.003 of the Texas Civil Practice and Remedies Code, which provides for dismissal of an inmate's litigation under certain circumstances. In three issues, appellant complains of the dismissal because: (1) it was "impossible" for him to get a certified copy of his inmate trust account; (2) " 'all' the proper papers with the exception of the certified copy of [appellant's] inmate trust fund were filed as required by law" when handed to jail authorities for mailing; and (3) dismissal is a harsh penalty that should be imposed only in "extreme circumstances" and, therefore, he should have had an opportunity to correct the deficiency or further explain the circumstances before dismissal. No appellate brief was filed by appellees. We decide against appellant on all points and affirm the order of the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At the time of filing his action, appellant was an inmate at the Dallas County Jail. On June 15, 2006, acting *pro se*, appellant filed suit asserting employees of the Dallas County Jail and the Dallas County Sheriff's Department were unlawfully detaining his personal property. Along with his "Replevin Complaint," appellant filed only a motion to proceed *in forma pauperis* and an accompanying unsworn declaration. On June 20, 2006, the trial court, on its own motion, ordered the case dismissed without prejudice pursuant to section 14.003 of the Texas Civil Practice and Remedies Code for failure to comply with section 14.004 of the Texas Civil Practice and Remedies Code, which required appellant to file an affidavit relating to previous filings and a certified copy of his inmate trust account statement. Appellant filed a motion for rehearing, but no hearing was scheduled on the motion. This appeal followed.

## II. STANDARD OF REVIEW

■ A *pro se* litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex.App.-Dallas 2004, pet. denied). The rules of appellate procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R.APP. P. 38.1(h). The appellant's brief must concisely state all issues or points presented for review. TEX.R.APP. P. 38.1(e). A judgment based on a ground not specifically challenged by the appellant must stand if there is no general assignment of error on appeal. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.

1970). An order will not be reversed unless the error complained of by appellant "probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the court of appeals." TEX.R.APP. P. 44.1(a).

■ We review a trial court's dismissal of an indigent inmate's suit under an abuse of discretion standard and will reverse only if we conclude the trial court acted without reference to any guiding rules or principles. *Hickman v. Adams*, 35 S.W.3d 120, 123 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *Barnum v. Munson*, 998 S.W.2d 284, 286 (Tex.App.-Dallas 1999, pet. denied).

## III. DISMISSAL UNDER CHAPTER 14 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE

### A. Applicable Law

Chapter 14 of the Texas Civil Practice and Remedies Code applies to suits brought by inmates in district, county, justice of the peace, or small claims courts "in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." TEX. CIV. PRAC. & REM.CODE ANN. § 14.002(a) (Vernon 2002). Section 14.003 allows a trial court to dismiss a suit filed under chapter 14 if it finds that:

(1) the allegation of poverty in the affidavit or unsworn declaration is false;

(2) the claim is frivolous or malicious; or

(3) the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false.

TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a).

To enable the court to determine whether a suit is frivolous or malicious, section 14.004 requires the inmate to file an affida-

vit or declaration "relating to previous filings" in which the inmate must detail all previous suits filed *pro se,* other than a suit under the Family Code. TEX. CIV. PRAC. & REM.CODE ANN. § 14.004(a); *see also Gowan v. Tex. Dep't of Criminal Justice,* 99 S.W.3d 319, 321 (Tex.App.-Texarkana 2003, no pet.). In addition, to enable the court to determine whether an inmate is indigent, the inmate is required to file a certified copy of his inmate trust account statement that "reflect[s] the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed." TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.004(c); 14.006(f); *see also Hughes v. Massey,* 65 S.W.3d 743, 745 (Tex.App.-Beaumont 2001, no pet.). The filings required under chapter 14 are "an essential part of the process by which courts review inmate litigation." *Hickson v. Moya,* 926 S.W.2d 397, 399 (Tex.App.-Waco 1996, no writ).

■ Because the affidavit and trust account statement enable the court to determine whether an indigent inmate's suit should be dismissed, Texas courts have consistently held that the failure to file the affidavit with the required information or the inmate trust account statement can result in dismissal without notice or hearing. *See Gowan,* 99 S.W.3d at 322; *Retzlaff v. Tex. Dep't of Criminal Justice,* 94 S.W.3d 650, 654 (Tex.App.-Houston [14th Dist.] 2002, pet. denied); *Thompson v. Rodriguez,* 99 S.W.3d 328, 329–30 (Tex. App.-Texarkana 2003, no pet.); *see also Jackson v. Tex. Dep't of Criminal Justice,* 28 S.W.3d 811, 814 (Tex.App.-Corpus Christi 2000, pet. denied) (reviewing several cases dismissing inmate litigation for failure to comply fully with section 14.004). A trial court may dismiss an action for defects in the affidavit relating to previous filings either before or after service of

process, and it is under no duty to suggest or recommend the party amend his pleading before ordering dismissal. *Hickman,* 35 S.W.3d at 125; *Hughes,* 65 S.W.3d at 745 (concluding an inmate-filed *in forma pauperis* action may be dismissed under section 14.003 either before or after service of process and "the inmate had no right to notice of a motion to dismiss or to an opportunity to amend").

### B. Application of Law to Facts

The record reflects on June 15, 2006, appellant filed his *pro se* petition in the trial court along with a motion to proceed *in forma pauperis* and an accompanying unsworn declaration. Accordingly, chapter 14 of the Texas Civil Practice and Remedies Code is applicable to this suit. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.002(a) (chapter 14 applicable where inmate files affidavit of inability to pay costs).

The trial court ordered appellant's case dismissed without prejudice pursuant to section 14.003 of the Texas Civil Practice and Remedies Code for failure to comply with section 14.004 of the Texas Civil Practice and Remedies Code. According to section 14.004, appellant was required to file an affidavit relating to previous filings and a certified copy of his inmate trust account statement. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.004(a), (c). The trial court's order states, "[N]either the Affidavit Relating to Previous Filings nor a certified copy of Plaintiff's Trust Account Statement were filed."

■ Appellant's arguments in his three points on appeal focus on his failure to file the certified copy of his inmate trust account statement. However, appellant does not address one of the grounds for dismissal stated by the trial court, the failure of appellant to file with his complaint an affidavit relating to previous fil-

ings. Appellant simply asserts "all" required papers, with the exception of the inmate trust account statement, were filed. Appellant argues "it is fair to assume that whatever documents were missing," the Sheriff's office had "some involvement" in their disappearance or destruction. However, nowhere in his brief does appellant mention an affidavit relating to previous filings or assert that he complied with the requirement to file the affidavit. The requirement to file the affidavit relating to previous filings is mandatory, and failure to file the affidavit is grounds alone to dismiss the suit. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003; *Jackson*, 28 S.W.3d at 814; *Hickson*, 926 S.W.2d at 399. Because appellant has failed to complain of the trial court's dismissal of the suit based on his failure to file the affidavit relating to previous filings, he is unable to establish reversible error with regard to the trial court's grounds for dismissal. *See* TEX.R.APP. P. 44.1(a). *Cf. Malooly Bros., Inc.*, 461 S.W.2d at 121. We need not address appellant's arguments in issues one and two because, as set forth above, his filing in the trial court was deficient for reasons other than what appellant has addressed in his briefing.

■ In issue three, appellant argues dismissal is a harsh penalty that should be imposed only in "extreme circumstances" and, therefore, the trial court should have given him an opportunity to correct the deficiency or further explain the circumstances before dismissing the suit. Contrary to appellant's assertion, the trial court has no duty to allow him to remedy the deficiency before dismissing the case without prejudice. *See Hickman*, 35 S.W.3d at 125; *Hughes*, 65 S.W.3d at 745. We cannot conclude the trial court abused its discretion by dismissing the suit without prejudice without requesting appellant remedy the deficiency or explain the circumstances surrounding his failure to comply.

Appellant's third issue is decided against him.

### IV. CONCLUSION

The trial court's order of dismissal is affirmed.