# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-13-00109-CV

---

**Bobby Oxford, Appellant**

**v.**

**Lane Pinckney, Appellee**

---

**FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT
NO. 14,991, HONORABLE BEN WOODWARD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellee Bobby Oxford, an inmate in the Texas Department of Criminal Justice's Institutional Division, appeals pro se from the trial court's order dismissing his claims against appellee Lane Pinckney. The trial court granted Pinckney's motion to dismiss brought under section 101.106(f) of the Texas Tort Claims Act (TCA). *See* Tex. Civ. Prac. & Rem. Code § 101.106(f). For the reasons that follow, we affirm the trial court's order.

## BACKGROUND

In October 2011, Oxford sued Pinckney, who is a game warden for the Texas Department of Parks and Wildlife (the Department). Oxford sought damages for property loss and mental anguish based on an incident that took place at his residence. Oxford alleged "reckless conduct" by Pinckney when Pinckney fired his gun as a warning shot to Oxford's dog.

Pinckney filed an answer, asserting the defense of official immunity and moving to dismiss under section 101.106(f). Pinckney also filed a separate motion to dismiss under section 101.106(f) on July 16, 2012. Section 101.106(f) states as follows:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id*. Pinckney supported his motion with an affidavit. In the affidavit, he averred that he was employed by the Department as a "State Game Warden" and that he "was in the course and scope of [his] employment" with the Department when he "fired [his] state-owned handgun" at Oxford's residence. He averred that he "was at the Oxford residence to pick up Joshua Booth and get him to a youth hunt at the Zac Gray ranch, as part of [his] outreach efforts as a State Game Warden."

Oxford filed a "Motion for Objection on Lane Pinckney's Motion to Dismiss." Oxford urged that Pinckney should not be dismissed but held liable for damages for his negligent conduct. In November 2012, Oxford also filed a motion for leave to file an amended complaint to add the Department as a defendant and an amended petition that included the Department in the style. He, however, did not contest and did not present any evidence to controvert Pinckney's evidence that Pinckney was acting in the course and scope of his employment with the Department at the time of the incident. Oxford's amended petition also retained Pinckney as a defendant.

2

After a hearing in which Oxford participated by telephone, the trial court granted Pinckney's motion to dismiss. This appeal followed.[1]

**ANALYSIS**

Oxford raises six issues on appeal. He contends that the trial court erred: (i) "in not reviewing the facts of said case," (ii) "in not reviewing said summary judgment," (iii) "in not noticing the facts of evidence," (iv) "by prejudiced and bias by allowing a one sided case 'all Defendants [sic],'" (v) "in not ruling on any motions plaintiff filed," and (vi) "in violating plaintiff's state and constitutional rights." Oxford's issues generally focus on his version of what happened on the day of the incident.[2]

Oxford, however, does not dispute that Pinckney was acting within the course and scope of his employment with the Department at the time of the incident and that Oxford's claims "could have been brought" under the TCA against the Department. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f); *see also id.* § 101.001(3)(A) (defining "governmental unit" to include state agencies); *Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011) ("[A]ll [common-law] tort theories alleged against a governmental unit . . . are assumed to be 'under [the Tort Claims

---

[1] Although Oxford's notice of appeal names "Parks and Wildlife et al" in the style of the notice, the record shows that the Department was not a party, and Oxford appeals from the trial court's order granting Pinckney's motion to dismiss.

[2] In his fifth issue, he complains that the trial court did not rule on his motions, but the record shows that the trial court ruled on motions that were properly set for hearing during the pendency of the case. As to his sixth issue, Oxford contends that the trial court violated his constitutional rights, but he does not provide any additional argument or authority as to this issue. *See* Tex. R. App. P. 38.1(i) (requiring brief to contain appropriate citations to the record and authorities).

Act]' for purposes of section 101.106." (quoting *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008)).

The dispositive issue then is whether Oxford complied with section 101.106(f) to avoid dismissal. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f). Oxford was required to file "amended pleadings dismissing [Pinckney] and naming the [Department] as defendant on or before the 30th day after [July 16, 2012,] the date the motion [was] filed." *See id.* We conclude that he failed to do so. Although Oxford states in his briefing that he filed an amended petition "dismissing the employee and naming the governmental unit as defendant," the record shows only that Oxford filed a motion for leave to file an amended petition and an amended petition several months after the 30-day deadline had expired, and the motion for leave and the amended petition did not seek to dismiss Pinckney but to add the Department as an additional defendant.[3]

Although we view a pro se inmate's pleadings "with liberality and patience," *see Minix v. Gonzales*, 162 S.W.3d 635, 637 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing, among other authority, *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1986), for the principle that courts generally do not hold pro se inmates to "the stringent standards applied to formal pleadings drafted by attorneys"); *Brewer v. Collins*, 857 S.W.2d 819, 821 (Tex. App.—Houston [1st Dist.] 1993, no writ) (viewing pro se inmate petition "with liberality and patience"), pro se litigants must comply with applicable laws and rules of procedure. *See Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.) (pro se litigants "must comply with applicable laws and rules of

---

[3] In his motion for leave to file an amended complaint, Oxford sought to change the "heading" to "Parks and Wildlife, Lane Pinckney, individually and in their official capacities."

4

procedure"). Because Oxford failed to comply with section 101.106(f), we conclude that the trial court did not err by granting Pinckney's motion to dismiss.

Further, to the extent Oxford raises new issues in his reply brief or his issues extend beyond a challenge to the trial court's order of dismissal, we need not address those issues. *See* Tex. R. App. P. 47.1 (requiring court of appeals to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal"); *see also id*. R. 38.1, 38.3; *Cebcor Serv. Corp. v. Landscape Design & Constr., Inc.*, 270 S.W.3d 328, 334 (Tex. App.—Dallas 2008, no pet.) ("a party may not present arguments for the first time in its reply brief"); *Yazdchi v. Bank One, Tex.*, 177 S.W.3d 399, 404 n.18 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (declining to consider arguments made for first time in reply brief).[4]

## CONCLUSION

For these reasons, we overrule Oxford's issues and affirm the trial court's order granting Pinckney's motion to dismiss.

---

[4] We also note that Oxford fails to make appropriate citations to the record or authorities to support his issues. *See* Tex. R. App. P. 38.1(i) (requiring brief to contain appropriate citations to the record and authorities); *Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (holding appellate courts have discretion to deem issues waived due to inadequate briefing); *Winters v. Winters*, No. 03-09-00004-CV, 2010 Tex. App. LEXIS 6533, at *11–12 (Tex. App.—Austin Aug. 13, 2010, no pet.) (mem. op.) (concluding issue waived because not adequately briefed).

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed:   February 25, 2014