

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00259-CV

IN RE R. WAYNE JOHNSON, RELATOR

ORIGINAL PROCEEDING

March 28, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ

Relator R. Wayne Johnson is an inmate housed at a facility of the Texas Department of Criminal Justice ("TDCJ"). He is also a vexatious litigant subject to a prefiling order requirement.[1] In this original proceeding, he seeks a writ of mandamus directing respondent, the Honorable Ana E. Estevez, judge of the 251st District Court of Potter County, to set a hearing in a suit relator filed, seeking judicial review of an administrative decision by real party in interest, TDCJ. Relator also sought declaratory relief. For several reasons, we will deny the petition.

The writ of mandamus will issue to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy available by

---

[1] See TEX. CIV. PRAC. & REM. CODE § 11.101 (West Supp. 2013).

appeal. *In re Prudential Ins. Co. of America,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). Relator's petition asserts Judge Estevez had a ministerial duty to set the hearing he requested.

Relator did not initiate his suit against TDCJ by filing suit papers with the district clerk. Instead, relator indicates he merely mailed his suit papers directly to Judge Estevez with a cover letter demanding she set a hearing. Nothing in the mandamus record shows relator served his original petition on TDCJ, or provided TDCJ a copy of his hearing demand. Moreover, the record provided contains a copy of a document from the Potter County District Clerk indicating relator did not obtain the permission of the local administrative judge to file his lawsuit. *See* TEX. CIV. PRAC. & REM. CODE § 11.102(a) (West Supp. 2013).[2] It appears Judge Estevez took no action on relator's demand for a hearing during the approximately twenty-five days between the date relator mailed his suit papers to Judge Estevez and the date he sought mandamus from this court. These facts do not show Judge Estevez clearly abused her discretion by failing to set the hearing relator demanded. *Cf. In re Layton,* 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding) ("A trial court has a ministerial duty to consider and rule on motions *properly filed* and *pending before the court* and mandamus may

---

[2] With this requirement, relator is fully familiar. *See, e.g., Johnson v. Peeples,* 349-50 (Tex. App.—Waco 2013, no pet.) (citing *Johnson v. Hughey,* No. 06-12-00079-CV, 2012 Tex. App. Lexis 8406, at *1 n.2 (Tex. App.—Texarkana Oct. 6, 2012, no pet.) (mem. op.) ("By October 5, 2012, the Texarkana Court of Appeals documented 13 appellate court proceedings since 2004 in which the courts of appeals have dealt with [relator] just in his capacity as a vexatious litigant").

issue to compel the judge to act" (emphasis supplied)). For that reason alone, relator's petition must be denied.

Other procedural shortcomings also require denial of relator's petition. A relator must generally bring forward all that is necessary to establish a claim for relief. *See* TEX. R. APP. P. 52.7; *Dallas Morning News v. Fifth Court of Appeals,* 842 S.W.2d 655, 658 (Tex. 1992) (orig. proceeding). This includes providing an adequate record to substantiate the allegations contained in the petition for writ of mandamus. *Dallas Morning News,* 842 S.W.2d at 658; *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Absent a sufficient record, mandamus will not issue. *Id.* Relator has not supplied us with a record substantiating he was entitled to the hearing on the merits of his suit that he demanded of Judge Estevez. For that reason also, his petition for mandamus must be denied.

Further, in one of the documents mailed to Judge Estevez, relator indicated his intention to comply with the requirements of Chapter 14 of the Civil Practice and Remedies Code, but the mandamus record does not indicate he even attempted compliance with those requirements. It appears relator submitted neither an affidavit of court actions previously filed, TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2013), nor a certified inmate trust account statement, TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(c) (West Supp. 2013) & § 14.006(f) (West 2002). The absence of either of those items entitled the trial court to consider relator's suit against TDCJ to be frivolous. *Amir-Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.—Dallas 2008, no pet.).

We further note relator has not complied with the requirements of Chapter 14 with respect to his mandamus petition filed in this court. *See* Act of June 29, 2011, 82nd Leg., 1st C.S., ch. 3, § 12.01(a), 2011 Tex. Gen. Laws 116, 161 (amending Chapter 14 effective January 1, 2012, to make it applicable to actions, including appeals and original proceedings, brought by indigent inmates in appellate courts) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West Supp. 2013)); *Douglas v. Moffett*, 418 S.W.3d 336, 338-39 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (discussing amendment and prior law). His failure to comply with Chapter 14's requirements in this court make his mandamus petition subject to dismissal.

For all the reasons noted, we deny all relief requested in relator's petition for writ of mandamus. All pending motions filed in this original proceeding also are denied.


James T. Campbell
Justice