In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-14-00341-CV
_____

SANDY RAY DICKERSON, Appellant

V.

BRAD LIVINGSTON, MICHEL J. BUTCHER, AND RICHARD K.
ALFORD, Appellees

On Appeal from the 258th District Court
Polk County, Texas
Trial Cause No. 28616

**MEMORANDUM OPINION**

Sandy Ray Dickerson, an inmate housed with the Texas Department of
Criminal Justice-Institutional Division, sued Brad Livingston, Michel J. Butcher,
and Richard K. Alford on grounds that officers allegedly entered his cell to
conduct a search, broke his typewriter during the search, and the Department
refused to repair or replace the typewriter. The trial court ordered the Texas
Attorney General's Office to review Dickerson's "pleadings, affidavits, unsworn

1

declarations, and exhibits for compliance" with Chapter 14 of the Texas Civil Practice and Remedies Code. In an *amicus curiae* advisory, the Attorney General argued that Dickerson failed to comply with Chapter's 14's procedural requirements and that Dickerson's claims have no arguable basis in law. The trial court subsequently dismissed Dickerson's suit as frivolous and for failure to comply with Chapter 14. Dickerson appealed, and we construe his brief as raising one appellate issue challenging the dismissal of his lawsuit. We affirm the trial court's judgment.

Under Chapter 14, an indigent inmate must file an affidavit or declaration that contains a certified copy of the inmate's trust account statement and that:

> (1) [identifies] each action, other than an action under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the action was brought; and

> (2) [describes] each action that was previously brought by:

>> (A) stating the operative facts for which relief was sought;

>> (B) listing the case name, cause number, and the court in which the action was brought;

>> (C) identifying each party named in the action; and

>> (D) stating the result of the action, including whether the action or a claim that was a basis for the action was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a), (c) (West Supp. 2014). The inmate must also file an affidavit or unsworn declaration stating the date that his grievance was filed and the date the written decision was received by the inmate, and provide a copy of the written decision from the grievance system. *Id*. § 14.005(a) (West 2002). The filings required under Chapter 14 are "'an essential part of the process by which courts review inmate litigation.'" *Amir-Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.—Dallas 2008, no pet.) (quoting *Hickson v. Moya,* 926 S.W.2d 399, 390 (Tex. App.—Waco 1996, no writ)). We review the trial court's dismissal of Dickerson's lawsuit for abuse of discretion. *See Hickson*, 926 S.W.2d at 398.

The record does not reflect that Dickerson provided the trial court with a certified copy of his trust account statement or a copy of the written grievance decision. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.004(c); 14.005(a). Nor did Dickerson's affidavit of previous filings state the operative facts for which he sought relief, list the case names, cause numbers, and the courts in which those actions were brought, identify the parties named in the actions, or state the result of the actions. *See id*. § 14.004(a). When an inmate does not comply with the affidavit requirements of section 14.004 of Chapter 14, the trial court may assume the suit is substantially similar to one previously filed by the inmate and is frivolous. *Bell v.*

3

*Texas Dep't of Crim. Justice--Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

Dickerson's failure to file an inmate trust account statement and an affidavit of previous filings with the information required by Chapter 14 justified the trial court's dismissal of Dickerson's lawsuit.[1] *See Amir-Sharif*, 243 S.W.3d at 857 (Because Chapter 14's filing requirements "enable the court to determine whether an indigent inmate's suit should be dismissed, . . . the failure to file the affidavit with the required information or the inmate trust account statement can result in dismissal[.]"). Accordingly, the trial court did not abuse its discretion by dismissing Dickerson's lawsuit for failure to comply with Chapter 14's procedural requirements. *See id.*; *see also Bell*, 962 S.W.2d at 158. Because dismissal is proper for this reason, we need not determine whether the trial court abused its

---

[1]Dickerson filed a motion with this Court, in which he seeks to correct incomplete filings. Our review, however, is limited to the record before the trial court at the time of its ruling. *Congleton v. Shoemaker*, No. 09-11-00453-CV, 2012 Tex. App. LEXIS 2880, at **15-16 n.3 (Tex. App.—Beaumont Apr. 12, 2012, pet. denied) (mem. op.). Moreover, even in his motion on appeal, Dickerson failed to provide an affidavit or unsworn declaration of previous filings that complies with Chapter 14. *See Fairfax v. Milligan*, No. 12-10-00324-CV, 2011 Tex. App. LEXIS 6722, at *6 (Tex. App.—Tyler Aug. 24, 2011, pet. denied) (mem. op.) ("[T]he inmate must always include a sufficient description of the operative facts of prior suits, because that is the only way in which a court may evaluate whether the prior suit is substantially similar to the present suit."). We deny Dickerson's motion to correct incomplete filings.

discretion by also dismissing Dickerson's lawsuit as frivolous. *See* Tex. R. App. P. 47.1. We overrule Dickerson's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 29, 2014
Opinion Delivered January 15, 2015

Before McKeithen, C.J., Kreger and Horton, JJ.