**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00199-CV**

_____

**CHARLES ANTHONY ALLEN SR., Appellant**

**V.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION, Appellee**

_____

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. CIV29859**

_____

**MEMORANDUM OPINION**

Charles Anthony Allen Sr., an inmate housed with the Texas Department of Criminal Justice Institutional Division ("TDCJ"), filed a *pro se* lawsuit against TDCJ. Allen sought to proceed *in forma pauperis* in the suit. According to Allen's petition, his cellmate threatened his life and thereafter, he left his cell to report the threat to a sergeant. Allen further alleged that the sergeant then refused to allow Allen to return to his cell so that he could retrieve his property. Allen's suit

1

complains that employees of the prison were negligent because they failed to secure his property and allowed it to be handled by other inmates.

After Allen filed suit, the trial court ordered the Texas Attorney General's Office to review Allen's pleadings and the various exhibits included with them to determine whether they complied with Chapter 14 of the Texas Civil Practice and Remedies Code, the statutes that govern inmate litigation. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002 & Supp. 2016). In response to the trial court's request, the Attorney General argued that Allen failed to comply with Chapter 14's procedural requirements, and suggested that Allen's claim should be dismissed. Subsequently, the trial court dismissed Allen's suit because Allen had not complied with the requirements of Chapter 14.

Allen filed a notice of appeal, but did not file an appellate brief. Subsequently, we informed Allen that we would consider the appeal on the clerk's record alone.[1] Having considered the appeal on the record that is before us, we affirm the trial court's judgment.

We review a trial court's dismissal of an inmate's suit for abuse of discretion. *See Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996,

---

[1]In an *amicus* response, the Attorney General contended that Allen's motion to proceed *in forma pauperis* on appeal and his affidavit of indigency do not meet the requirements of Rule 20 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 20.

no pet.). Under Chapter 14, an indigent inmate must file an affidavit or declaration that contains a certified copy of the statement on the inmate's trust account. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(c) (West Supp. 2016). Additionally, Chapter 14 requires inmates who file a declaration or affidavit asserting they are unable to pay costs to file a separate affidavit or declaration that:

(1) identif[ies] each action, other than an action under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the action was brought; and

(2) describ[es] each action that was previously brought by:

(A) stating the operative facts for which relief was sought;

(B) listing the case name, cause number, and the court in which the action was brought;

(C) identifying each party named in the action; and

(D) stating the result of the action, including whether the action or a claim that was a basis for the action was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a) (West Supp. 2016). Further, Chapter 14 requires the inmate filing the suit to demonstrate that he exhausted the administrative remedies available to him for grievances when his complaint is subject to the inmate grievance system, and to provide the trial court with a copy of the written decision on the grievance. *Id*. §§ 14.005, 14.005(a) (West 2002). Additionally, the inmate filing suit is required to file a certified copy of the

3

statement on his inmate trust account with the trial court. *Id*. § 14.006(f) (West 2002). The filings required under Chapter 14 are "'an essential part of the process by which courts review inmate litigation.'" *Amir-Sharif v. Mason*, 243 S.W.3d 854, 857 (Tex. App.—Dallas 2008, no pet.) (quoting *Hickson,* 926 S.W.2d at 399).

The record evidences that Allen failed to comply with Chapter 14 in a number of respects. For example, the complaints he raises in his petition suggest that his property was damaged or lost, but Allen failed to provide the trial court with a copy of the decision that resulted from his grievance. Instead, Allen's petition asserts his grievance had not yet been addressed. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.004(c); 14.005(a). The record also reflects that Allen failed to provide the trial court with a certified copy of the statement on his inmate trust account. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.006(f). Furthermore, Allen's affidavit of previous filings fails to describe the operative facts regarding his previous lawsuits, which is another document an inmate must file under the requirements of Chapter 14. *See id*. § 14.004(a)(2)(A). When an inmate does not comply with the affidavit requirements of Chapter 14, the trial court may assume the suit is substantially similar to another of the inmate's prior suits and that the pending suit before the court is frivolous. *Bell v. Tex. Dep't of Criminal Justice-Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

Allen's failure to file a copy of the written grievance decision, a certified copy of his inmate trust account statement, and an affidavit of previous filings that contained all of the information required by Chapter 14 justified the trial court's dismissal of his lawsuit. *See Amir-Sharif*, 243 S.W.3d at 857 (Because Chapter 14's filing requirements "enable the court to determine whether an indigent inmate's suit should be dismissed, . . . the failure to file the affidavit with the required information or the inmate trust account statement can result in dismissal[.]"). We conclude that the trial court did not abuse its discretion by dismissing Allen's lawsuit against TDCJ based on Allen's failure to comply with the requirements of Chapter 14. *See id.*; *see also Bell*, 962 S.W.2d at 158. We affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 9, 2016
Opinion Delivered November 17, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.

5