# NO. 12-18-00341-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MARY KAYE YOUNG,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator, Mary Kaye Young, filed this original proceeding to challenge Respondent's granting of a motion for new trial filed by the Real Party in Interest, Jim Neal Young.[1]  We conditionally grant the writ.

## BACKGROUND

On August 14, 2017, Jim filed an original petition seeking a divorce from Mary.  Mary filed a counterpetition for divorce.  Pursuant to Section 153.0071 of the Texas Family Code, the parties reached a mediated settlement agreement (MSA) on August 7, 2018.  The agreement is signed by the parties and their counsel.  At a subsequent hearing, Mary testified that the agreement settled all issues and that her proposed divorce decree contained all agreements reached in the MSA.  Jim testified that on the day of mediation, he signed an agreement but was told that Mary did not agree.  He later learned that Mary claimed there was an agreement.  However, Jim testified that Mary's proposed decree did not reflect the parties' agreement at mediation.  At the conclusion of the hearing, Respondent granted the divorce, approved the agreements set forth in the MSA, and requested that counsel for each party proffer proposed decrees.  Respondent signed a final decree of divorce on October 24, 2018.

---

[1] Respondent is the Honorable Chad W. Dean, Judge of the County Court at Law in Rusk County, Texas.

On November 20, Jim filed a pro se motion for new trial, in which he alleged that the Young Family Trust was not fully developed or completed at the time Respondent signed the decree. The motion states, "[p]er the statute this is grounds for a new trial." On November 21, Respondent signed an order granting Jim's motion. This proceeding followed.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

## ADEQUATE REMEDY

An error in setting aside an MSA is correctable on appeal, but only after the parties litigated or reached a new settlement concerning the issues in the proceeding. *In re Lauriette*, No. 05-15-00518-CV, 2015 WL 4967233, at *4 (Tex. App.—Dallas Aug. 20, 2015, orig. proceeding) (mem. op.); *see In Interest of K.A.M.*, No. 12-17-00402-CV, 2018 WL 3748687 (Tex. App.—Tyler Aug. 8, 2018, no pet.) (mem. op.) (addressing, on appeal, whether trial court erred by denying or refusing to rule on objections to final order that did not accurately reflect MSA). Waiting until an appeal to correct any error would deprive the parties of one of the benefits of an MSA under the family code, an end to litigation through the immediate enforceability of the agreement. *Lauriette*, 2015 WL 4967233, at *4. A trial court's failure to enforce an MSA forces the party to expend further time and resources litigating a suit that was settled. *Id*. Mandamus relief is available to remedy a trial court's erroneous refusal to enter judgment on an MSA because the parties will have lost much of the settlement's benefit if they are required to expend time and resources appealing the error. *Id*. at *5 (citing *In re Lee*, 411 S.W.3d 445, 450 n.7 (Tex. 2013) (orig. proceeding)); *see In re Hanson*, No. 12-14-00015-CV, 2015 WL 898731, at *2 (Tex. App.—Tyler Feb. 27, 2015, orig. proceeding) (mem. op.) (whether trial court erroneously refused to render judgment on MSA is

proper subject for mandamus). The same is true with respect to a trial court's error of setting aside an MSA. *See Lauriette*, 2015 WL 4967233, at *5; *see also Hanson*, 2015 WL 898731, at *7 (conducting mandamus review of order setting aside mediated settlement agreement).

When the trial court sets aside an MSA, mandamus relief enables the parties to proceed immediately to determining any disputed issues without the time and expense of reaching a final judgment absent the benefit of the agreement, followed by an appeal. *See Lauriette*, 2015 WL 4967233, at *5. In this case, Respondent's order granting Jim's motion for new trial has the effect of setting aside the MSA. Accordingly, we conclude that the benefits and detriments of mandamus review render appellate relief inadequate and we must determine whether Respondent abuse his discretion by granting Jim's motion for new trial. *See id*.

## ABUSE OF DISCRETION

Mary contends that Respondent abused his discretion by granting Jim's motion for new trial because the motion does not comply with the rules of civil procedure, the motion was not verified or supported by affidavits, the motion was granted without notice and a hearing, and the order granting the motion is not reasonably specific. In his pro se response, Jim asserts various arguments, including contentions that (1) the parties did not reach a settlement agreement, (2) Mary's counsel failed to recognize Jim's ownership status before negotiating in mediation, which constitutes malpractice, and is attempting to conceal his actions by knowingly filing a fraudulent instrument, (3) Respondent signed a final decree that reaches beyond his jurisdiction and violates Section 51.904 of the Texas Government Code, (4) Mary's counsel wrongly assumes that the Young Family Trust expired, (5) the final decree creates a cloud on title of third party owners, and (6) all properties of the Young Family Trust must be omitted from the inventory and appraisement in the divorce proceeding.

## Applicable Law

Settlement agreements are highly favored by law. *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 60 (Tex. 2008). Under Section 153.0071 of the family code, a mediated settlement agreement is binding on the parties if the agreement: (1) provides, in a prominently displayed statement that is in boldfaced type, capital letters, or underlined, that the agreement is not subject to revocation; (2) is signed by each party to the agreement; and (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed. TEX. FAM. CODE ANN. § 153.0071(d)

3

(West Supp. 2018). If a mediated settlement agreement meets the requirements of Subsection (d), a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law. *Id*. § 153.0071(e).

New trials may be granted and judgment set aside for good cause, on motion or on the court's own motion on such terms as the court shall direct. TEX. R. CIV. P. 320. Texas trial courts have historically been afforded broad discretion in granting new trials. ***In re Columbia Med. Ctr. of Las Colinas***, 290 S.W.3d 204, 210 (Tex. 2009) (orig. proceeding). However, a "trial court generally does not have discretion to decline to enter judgment on or deviate from an MSA." ***Scruggs v. Linn***, 443 S.W.3d 373, 378 (Tex. App—Houston [14th Dist.] 2014, no pet.) (citing ***Lee***, 411 S.W.3d at 452-53).

## Analysis

In the present case, the parties' MSA is signed by both parties and their respective counsel and the MSA states, in bold, capital, underlined letters, that it is binding and not subject to revocation. *See* TEX. FAM. CODE ANN. § 153.0071(d). Thus, it satisfies the requirements of Section 153.0071(d) and Mary is entitled to judgment on the MSA. *See id*. § 153.0071(e). Subsection (e–1) provides a narrow exception to this rule.[2] *See id*. § 153.0071(e-1); ***Lee***, 411 S.W.3d at 453. Additionally, a trial court is not required to enforce an MSA that is illegal in nature, procured by fraud, duress, coercion, or other dishonest means, or void against public policy. ***Hanson***, 2015 WL 898731, at \*3; *see **In Interest of C.C.E.***, 530 S.W.3d 314, 320 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

---

[2] A trial court may decline to enter a judgment on a mediated settlement agreement if the court finds:
    (1) that:

        (A) a party to the agreement was a victim of family violence, and that circumstance impaired the party's ability to make decisions; or

        (B) the agreement would permit a person who is subject to registration under Chapter 62, Code of Criminal Procedure, on the basis of an offense committed by the person when the person was 17 years of age or older or who otherwise has a history or pattern of past or present physical or sexual abuse directed against any person to:
            (i) reside in the same household as the child; or
            (ii) otherwise have unsupervised access to the child; and

    (2) that the agreement is not in the child's best interest.

TEX. FAM. CODE ANN. § 153.0071(e-1) (West Supp. 2018).

In Jim's motion for new trial, however, he did not seek to set aside the MSA under Section 153.0071(e-1) or otherwise allege sufficient grounds for setting aside the MSA. He merely alleged that "[a]t the time the Final Decree of Divorce was signed and entered into the record the Young Family Trust was not fully developed or completed … [p]er the statute this is grounds for a new trial."

As the party seeking a new trial, Jim was required to file a motion in such form that the bases for the motion could be clearly identified and understood by the trial court. TEX. R. CIV. P. 321; *Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 210. Generality must be avoided because objections phrased in general terms shall not be considered by the court. *Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 210; TEX. R. CIV. P. 322. Jim's motion failed to satisfy the standard set forth by the rules of civil procedure. He did not specify the "statute" on which it was based, explain why the unidentified "statute" required a new trial, identify the Trust's significance to the divorce proceeding, or explain why a new trial was necessitated by the fact that the Trust was not fully developed or complete.[3] The purpose of a motion for new trial is to provide the trial court with an opportunity to cure any errors by granting a new trial, hence the reason why allegations in the motion must be sufficiently specific to enable the trial court to clearly understand what is being alleged as error. *D/FW Commercial Roofing Co., Inc. v. Mehra*, 854 S.W.2d 182, 189 (Tex. App.—Dallas 1993, no pet.). And, Respondent was required to hold Jim, a pro se litigant, to the same standards as a licensed attorney, including compliance with applicable laws and procedural rules. *See Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.). Nevertheless, Jim's motion completely lacked the clarity required by the rules of civil procedure and gave rise to nothing more than speculation as to the nature of the alleged error. *See* TEX. R. CIV. P. 321, 322; *Mehra*, 854 S.W.2d at 190 (trial court should not have to speculate as to nature of errors alleged in motion for new trial); *see e.g. Wallace v. McFarlane*, No. 01-10-00368-CV, 2013 WL 4507843, at *10 (Tex. App.—Houston [1st Dist.] Aug. 22, 2013, no pet.) (mem. op.) (given lack of specificity in motion for new trial, court did not abuse discretion by denying motion).

---

[3] The divorce decree's property division addresses Jim's claim for reimbursement and the award of proceeds from the sale of community real property, i.e., a one acre tract being part of a 62.5 acre tract described in a deed from Annie Maline Young to the Young Family Trust. The decree does not otherwise mention the Trust.

Because the MSA met the statutory requirements, Mary was entitled to judgment on the MSA *notwithstanding another rule of law*. *See* TEX. FAM. CODE ANN. § 153.0071(d)-(e). To properly obtain a new trial, Jim bore the burden of furnishing Respondent with a motion that clearly identified the nature of the alleged error. This he failed to do. Absent a motion that presented grounds of error in such a way that they could be clearly identified and understood, Respondent abused his discretion by granting Jim's motion for new trial and we need not address Mary's remaining arguments. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having determined that Respondent abused his discretion by granting Jim's motion for new trial, we ***conditionally grant*** Mary's petition for writ of mandamus and direct Respondent to vacate his order granting Jim's motion for new trial. We trust that Respondent will promptly comply with this opinion and order.

The writ will issue only if Respondent fails to do so ***within ten days after the date of the opinion and order***. Respondent shall furnish this Court, within the time for compliance with this Court's opinion and order, a certified copy of his order evidencing compliance.

**BRIAN HOYLE**
Justice

Opinion delivered January 9, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# <u>ORDER</u>

**JANUARY 9, 2019**

**NO. 12-18-00341-CV**


**MARY KAYE YOUNG,**
Relator
V.

**HON. CHAD W. DEAN,**
Respondent

___

### ORIGINAL PROCEEDING

___

ON THIS DAY came to be heard the petition for writ of mandamus filed by Mary Kaye Young; who is the relator in Cause No. 2017-08-326, pending on the docket of the County Court at Law of Rusk County, Texas. Said petition for writ of mandamus having been filed herein on December 10, 2018, and the same having been duly considered, because it is the opinion of this Court that the petition for writ of mandamus be, and the same is, ***conditionally granted***.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate his order of November 21, 2018; the writ will not issue unless the HONORABLE CHAD W. DEAN fails to comply with this Court's order within ten (10) days from the date of this order.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*