

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00080-CV

_____

DANTE LAMONT HAMPTON, Appellant

V.

STARLENA CHRISTIAN HAMPTON, Appellee

---

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. 21-9321-158

---

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Appellant Dante Lamont Hampton and Appellee Starlena Christian Hampton were married in 2015 and have two children. Starlena sued Dante for divorce and served him by substituted service. After a final hearing at which Dante did not appear, the trial court signed a final divorce decree in which it found that Dante had been served but had defaulted. Dante appeals from that decree and raises four issues: (1) the trial court's substituted-service order and the trial court's "Notice of Final Hearing" did not provide him with adequate notice of the proceedings; (2) he was denied procedural due process because he was not given the chance to participate in court proceedings; (3) he never received the final divorce decree or other documents that may have been filed in the case; and (4) the child-support order contains incorrect information about his employment. Because Dante's issues are without merit, we will affirm.

## I. Background

In October 2021, Starlena, acting pro se, sued for divorce. In March 2022, the Office of the Attorney General intervened.

After several unsuccessful attempts to serve Dante with citation at his residence, Starlena moved for substituted service. The trial court granted the motion and ordered that Dante be served "[b]y affixing a copy of the citation, with a copy of the petition attached, to the door of" his residence. The service return states that a Denton County constable served Dante with citation and a copy of the petition by

"Rule 106" at his residence on September 28, 2022. A final hearing was set for January 5, 2023.

Dante did not answer or otherwise appear in the case before the trial court held the final hearing on January 5. Starlena appeared at the final hearing; Dante did not. According to the trial court's docket-sheet entries, the trial court granted the divorce and divided the community property and community debts that day, but it referred the child custody and support issues to the Title IV-D court.[1] The trial court did not render a final order on January 5, 2023.

The Title IV-D court held a hearing on January 11, 2023. Starlena and an attorney for the Attorney General's Office appeared at the hearing; Dante did not. On January 20, 2023, the Title IV-D court signed an "Order in Suit Affecting the Parent-Child Relationship" (the SAPCR order) that set out conservatorship; possession and access; and medical, dental, and child support. According to the SAPCR order, Dante had "appeared virtually [at the SAPCR hearing] but left before th[e] case was called."

Dante, acting pro se, then challenged the SAPCR order by filing an unsworn motion for new trial asserting only that "the information that was reported for [his] income [was] incorrect" and that he had never worked for the company listed as his employer in the SAPCR order. The trial court denied the motion.

---

[1]The court reporter notified us that no records were taken in this case.

On March 21, 2023, the trial court signed a "Final Decree of Divorce" that incorporated the SAPCR order. According to the decree, Dante "was not present [at the final hearing on January 5, 2023,] but was served and has defaulted." The trial-court clerk notified the parties by letter on March 23, 2023, that a final decree had been signed.

Dante did not move for a new trial after the trial court signed the final judgment. He timely appealed and raises the above-stated four issues, which we address in turn.[2]

## II. Alleged Lack of Notice and Due-Process Concerns

Because Dante's first and second issues dovetail, we consider them together. In his first issue, Dante asserts that because the divorce petition and the "Order of Substituted Service" that he received on September 28, 2022, "did not include a date for court attendance" and because his email address was misspelled on an October 20, 2022 "Notice of Final Hearing," he was left "uninformed about crucial aspects of the proceedings." He claims that "[t]his lack of essential information denied him the opportunity to respond to the divorce petition and defend his rights adequately." Dante argues in his second issue that because he was "not given the chance to participate in the court proceedings and present his side of the story," "a judgment was entered in his absence" in violation of his procedural due-process rights. Dante

---

[2]Starlena has not filed an appellate brief.

4

asks us to set aside the divorce decree and remand the case so that he "can participate in the proceedings and state his argument."

Here, neither the petition nor the substituted-service order stated a court-attendance date. But they were not required to. The citation—which Dante does not dispute was served on him on September 28, 2022, along with a copy of the petition—complied with Texas Rules of Civil Procedure 15 and 99. *See generally* Tex. R. Civ. P. 15, 99. Namely, the citation notified Dante that if he did not file a written answer by 10 a.m. on the first Monday after the expiration of 20 days from the date of service, a default judgment could be taken against him. *See* Tex. R. Civ. P. 15, 99(b), (c).

Before Dante's answer deadline, Starlena filed two final-hearing notices stating that the final divorce hearing was set for January 5, 2023. The first final-hearing notice was file stamped October 20, 2022. The notice included an efiling-system-created "Automated Certificate of eService," which indicated that Starlena's attempt to serve Dante with the notice by email failed.[3] Dante implies that he never received this notice.

The second final-hearing notice was file stamped October 21, 2022. There is no Automated Certificate of Service attached to it, but there is a Certificate of Service signed by Starlena that states,

---

[3]Dante's email address's domain name was incorrect—gmail.vom, instead of gmail.com—which explains the email-service failure.

I will give a copy of this document to my spouse's attorney or my spouse (if my spouse does not have an attorney) on the same day this document is filed with (turned in to) the Court as follows:

*If I file this document electronically*, I will send a copy of it to my spouse or my spouse's attorney through the electronic file manager if possible. If not possible, I will give a copy to my spouse or my spouse's attorney in person, by mail, by commercial delivery service, by fax, or by email.

*If I file a paper copy of this document*, I will give a copy of it to my spouse or my spouse's attorney in person, by mail, by commercial delivery service, by fax, or by email.[4]

Dante does not claim that he did not receive the second final-hearing notice.

To preserve a complaint for appellate review, "the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion." Tex. R. App. P. 33.1(a)(1); *see Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006) ("Except for fundamental error, appellate courts are not authorized to consider issues not properly raised by the parties."); *Ford v. Skyline Mobile Home Ests.*, No. 02-22-00244-CV, 2023 WL 3749890, at *2 (Tex. App.—Fort Worth June 1, 2023, no pet.) (mem. op.). To set aside the default judgment here, Dante was required to satisfy the three-factor standard established in *Craddock v. Sunshine Bus Lines, Inc.*,

---

[4]Like most of the documents Starlena filed in the trial court, the final-hearing notice and the certificate of service are forms from TexasLawHelp.org, "a collaborative effort by Texas legal aid organizations and foundations, courts, and nonprofits" that is "dedicated to providing, free reliable legal information to low-income Texans." *About Us*, TexasLawHelp.org, https://texaslawhelp.org/about (last visited Apr. 4, 2024).

133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939).[5] Under *Craddock*, the defaulting party must establish (1) that the failure to appear was not "intentional, or the result of conscious indifference . . . , but was due to a mistake or an accident"; (2) that the defaulting party has a meritorious defense; and (3) that the granting of a new trial "will occasion no delay or otherwise work an injury to the plaintiff."[6] *Id.* Because the defaulting party has the burden to satisfy the three-factor *Craddock* standard, Dante was required to present any evidence necessary to meet that burden. *See id.* A new-trial motion is the proper "vehicle for offering such evidence into the record." *Onwubuche v. Olowolayemo*, No. 01-10-00945-CV, 2012 WL 1067950, at *2 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, no pet.) (mem. op.); *see Puri v. Mansukhani*, 973 S.W.2d 701, 715 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (discussing Texas Rule of Civil Procedure 324 and explaining that new-trial motion to set aside default judgment is complaint on which evidence must be heard). "This is so the trial court has the opportunity to consider and weigh the evidence." *Barrett v. Westover Park Cmty. Ass'n, Inc.*, No. 01-10-01112-CV, 2012 WL 682342, at *2 (Tex. App.—Houston [1st Dist.] Mar. 1, 2012, no pet.) (mem. op.) (citing *Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009)).

---

[5]This test applies to both no-answer and post-answer default judgments. *See Lynch v. Lynch*, 540 S.W.3d 107, 121 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

[6]Dante neither cites *Craddock* in his brief nor argues that he satisfied the *Craddock* factors.

Here, Dante did not move for a new trial because of a lack of notice or otherwise raise his lack-of-notice complaints in the trial court. Because Dante did not move for a new trial on these grounds, he did not develop the evidence necessary to contradict the constable's service return stating that Dante was served with citation or to contradict Starlena's certificate of service on the second final-hearing notice indicating that Dante had been served with the notice. *See Barrett*, 2012 WL 682342, at *2; *see also* Tex. R. Civ. P. 21a(e) (providing that a certificate of service is prima facie evidence of service), 324(b)(1) (stating that point in new-trial motion is a prerequisite to an appellate complaint "on which evidence must be heard such as . . . failure to set aside a judgment by default"). We thus conclude that Dante failed to preserve his notice-related complaints about the default judgment for our review. Tex. R. Civ. P. 324(b)(1); *see Barrett*, 2012 WL 682342, at *2–3. We overrule Dante's first and second issues.

### III. The Final Divorce Decree and Other Court Documents

Dante contends in his third issue that he never received the final divorce decree or "other documents that may have been filed with the court during the course of the proceedings." He complains that "[t]his lack of access to crucial legal documents has severely prejudiced his ability to understand the case's status and take appropriate action."

We first address Dante's complaint about "other documents that may have been filed with the court." Dante has not identified these documents or provided any

8

citation to the record that would enable us to identify the documents he claims he did not receive.[7] While "[w]e are mindful of the difficulties that pro se litigants face," we cannot make Dante's arguments for him. *Thiessen v. Fid. Bank*, No. 02-17-00321-CV, 2018 WL 5993316, at * 3 (Tex. App.—Fort Worth Nov. 15, 2018, pet. denied) (mem. op.). And we have no duty to independently review the record and applicable law to determine whether the error complained of occurred. *Flores v. Off. Depot, Inc.*, No. 02-10-00311-CV, 2011 WL 2611140, at *2 (Tex. App.—Fort Worth June 30, 2011, no pet.) (mem. op.). Because Dante failed to cite the record or applicable authority to support this argument, he has forfeited this complaint by inadequately briefing it. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); *McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 WL 3849399, at *2–3 (Tex. App.—Austin Aug. 14, 2018, pet. denied) (mem. op.); *see also Amir-Sharif v. Mason*, 243 S.W.3d 854, 856 (Tex. App.—Dallas 2008, no pet.) ("A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." (first citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); and then citing *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied))).

We now turn to Dante's complaint about not receiving the final divorce decree. The trial-court clerk notified the parties by letter on March 23, 2023, that the trial

---

[7]Had Dante asked this court for a copy of the record, we would have provided one to him. *See* 2d Tex. App. (Fort Worth) Loc. R. 6.1.

court had signed a final divorce decree. This letter also notified the parties that "[a] copy of the above referenced order is available for purchase at [the clerk's] office located at 1450 E. McKinney Street, Suite 1200, Denton, Texas 76209" and that "[r]ecord requests can be made in person or online using the record request form found at dentoncounty.gov/dcl."[8] Dante does not claim that he had no notice that the final divorce decree was rendered, and he does not dispute that he received the trial court's March 23, 2023 letter notifying him of the decree and how to get a copy of it.[9] Nor does he explain how he might have been harmed. *See* Tex. R. App. P. 44.1(a). We thus reject his complaint and overrule his third issue.

## IV. Dante's Employer

Dante complains in his fourth and final issue that the "judgment was based on a misunderstanding regarding [his] employment" because "he has never been employed by First Line Transportation or Bottling Group, LLC, contrary to the belief upon which the [child-support] support order was issued." Dante claims that had he

---

[8]Effective September 8, 2023, Texas Rule of Civil Procedure 306a(3) was amended to require the trial-court clerk to send a copy of the final judgment to the parties. *See* Tex. R. Civ. P. 306a(3), 86 Tex. B.J. 791, 795–96 (Tex. 2023). But at the time the final judgment was signed in this case, Rule 306a(3) just required the trial-court clerk to notify the parties or their attorneys electronically or by first-class mail that a final judgment had been signed. *Id.* at 796.

[9]Dante has not filed an affidavit of inability to pay costs. *See generally* Tex. R. Civ. P. 145. But if he had, he could have obtained a copy of the decree at no cost. *See* Tex. R. Civ. P. 145(a), (f).

been given the chance to participate in the proceedings, he "could have presented evidence to clarify this misconception."[10]

The SAPCR order—which orders Dante to pay Starlena child support and orders Dante's current and future employers to withhold Dante's income for that support—lists "First Line Transportation Secur" [sic] in Nashville, Tennessee, as Dante's employer.[11] The SAPCR order also requires Dante to notify Starlena, the trial court, and the State Case Registry of any change or intended change in his employer's name, his employment address, and his work telephone number. To the extent that Dante's employment information is incorrectly stated in the SAPCR order, Dante does not explain how he was harmed by this alleged error. *See* Tex. R. App. P. 44.1(a). Moreover, it is Dante's responsibility to correct that information in the manner set out in the order. We thus overrule Dante's fourth issue.

## V. Conclusion

Having overruled Dante's four issues, we affirm the trial court's judgment.

---

[10]We interpret Dante's argument as challenging only the trial court's identification of his employer, not as a challenge to the trial court's ordering him to pay child support or to the child-support amount. We also point out that Dante had the chance to participate in the hearing that resulted in the SAPCR order—he appeared but left before the case was called.

[11]We have reviewed the SAPCR order and have found no mention of Bottling Group, LLC.

11

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: April 11, 2024